1830.

Duncan
v.
Dodd,

---

DUNCAN and others, trustees, *vs.* DODD and others.

The biddings at a master's sale will not be opened except in very special cases, and then it will not be done unless the purchaser is fully and liberally indemnified for all damages, costs and expenses to which he has been subjected.

Where property which was the only estate belonging to two infant children had been sold under a decree of foreclosure, for half its value, to satisfy a debt nearly equal to the amount of the bid, a re-sale was ordered upon security being given that the premises should produce fifty per cent. advance upon such re-sale, and that the interest on the whole purchase money should be paid to the purchaser, together with all the reasonable costs and expenses which he had paid in consequence of the purchase, or to which he had been subjected, either in opposing the application for a re-sale or in investigating the title to the premises.

THIS was an application for the re-sale of mortgaged premises in the city of New-York. The property belonged to infant defendants, subject to the right of dower of their mother. The amount due on the mortgage, exclusive of costs, was less than $1700, and the premises were struck off to Turner the purchaser for $2025. Turner went into possession by permission of the master, and

March 17th.

1830.

Duncan
v.
Dodd.

paid ten per cent. on the purchase money; but the decree not being enrolled, no conveyance had been executed. The mother and step father of the infants, as soon as they heard of the sale, applied to the purchaser to relinquish his purchase, offering to indemnify him for his expenses, but he declined their offer. The petitioners stated in their petition that the sale had been a surprise upon them, that the property was worth more than $4000, and they offered an advance of fifty per cent. on the purchase, for the benefit of the infant defendants. The application was opposed by the purchaser, who stated among other things that before he had any notice of the intention of the petitioners to apply for a re-sale, he had agreed to rent the property, for two years from the first of May next, to the tenant who is now in possession thereof.

*W. Silliman*, for the petitioners.

*J. Leveridge*, for the purchaser.

THE CHANCELLOR. By the practice of the English court of chancery it is almost a matter of course to open the biddings on a master's sale, before the confirmation of his report, upon the offer of a reasonable advance on the amount bid, and the payment of the costs and expenses of the purchaser. As a general rule, and advance of ten per cent. is sufficient to authorize a re-sale. (*Garston* v. *Edwards*, 1 Sim. and Stu. 20.) But the biddings will not be opened where the amount of the advance is less than £40. (*Farlow* v. *Wieldon*, 4 Mad. Rep. 460.) The English practice as to opening biddings has not been adopted in this state, and it is probably not desirable that it should be introduced here. In *Williams* v. *Attleborough*, (Turner's Rep. 75,) Lord Eldon says, "During a period of nearly half a century which I have passed in this court, and in which Lord Apsley, Lord Thurlow, the Lords Commissioners, with Lord Loughborough at their head, then Lord Loughborough as chancellor, and after him the Lords Commissioners, with Chief Baron Eyre at their head have presided here, I have heard one and all of them lament that the practice of opening biddings was ever intro-

duced. I confess that I have great doubts myself upon the subject; but after a practice so long established, it is not for me to disturb it." If such are the opinions of English chancellors as to the dangerous tendency of the practice in that country where real estate has, comparatively, a fixed and certain value, a re-sale, ought not to be granted here except in very special cases. In the city of New-York, real estate when sold by a master under a decree or order of this court generally produces its fair value. It is therefore essential to the interests of those whose property is thus sold, that purchasers should continue to retain full confidence in the safety of such purchases; and that they will not, as a matter of course, be disturbed merely because a good bargain has been obtained. And when the court is obliged to order a resale of property purchased in good faith, the former purchaser must be fully and liberally indemnified for all damages, costs and expenses to which he has been subjected.

In *Williamson* v. *Dale*, (3 John. Ch. Rep. 292,) Chancellor Kent permitted a re-sale, on grounds which were certainly not stronger in favor of the application than those which are here presented. The property in this case is the sole dependance of two infant children, and has been sold for half its value to pay a debt a little less than the amount of the purchase money. The property was sacrificed, either through the misapprehension, or negligence, of their mother and step father. Immediately after they heard of the sale they made the application to the purchaser to let them redeem the property for the benefit of the infants, and they now offer an advance of more than one thousand dollars on the former bid. If the defendants were adults, and the property had been sacrificed by their own negligence or inattention, I should not disturb the sale; and now it can only be done on condition that a full indemnity is offered to the former purchaser. The fact that he has agreed with the former tenant of the premises to rent the same to him for two years from May next, does not stand in the way of a re-sale. If it is a mere verbal agreement under which nothing has been done to change the rights of the parties, it is not valid under that provision of the

revised statutes which requires all leases for more than one year to be in writing. (2 R. S. 135. § 8.) But if the agreement is valid, the property must be put up and sold, subject to the rights of the lessee.

If, within ten days, the petitioners, or any other person in their behalf, give sufficient surety to the satisfaction of the master, that the premises shall actually produce fifty per cent. advance upon a re-sale, or if they deposit with the master within that time the fifty per cent. advance offered by them, he must put up the property again and re-sell the same upon such notice as he may deem reasonable, not less than one week. In that case the master is to pay to the former purchaser, out of the amount of such advance, the interest of his deposit and of the whole purchase money which, he has kept on hand, together with all reasonable costs and expenses which he has paid or been subjected to in opposing this application, or in investigating the title. The property must also be sold, subject to any rights which the present tenant may have under the alleged agreement with Turner.