## IN EQUITY.

### JOHN HAINES vs. JAMES TAYLOR and others.

A sale of mortgaged premises made in the county where the premises are situated, will not be set aside or opened, because it is made at a distance of 27 miles from the premises. If the sale is made in the county, the place where made, &c., is in the discretion of the officer making it.

Nor will a sale be opened for an alleged improper refusal of the sheriff to adjourn it, where the papers do not show facts clearly, that the sheriff abused his discretionary power to adjourn.

The court will never set aside a sale without some pressing reason, and where the mortgagor has not been guilty of neglect.

*Motion to open the biddings at a Sheriff's sale under foreclosure.*

J. B. BOOTH, *for Defendant.*

J. W. BROWN, *for Plaintiff.*

BARCULO, Justice.—The mortgagor applies to open the biddings for the following reasons.

1. That the premises were sold at an improper place. 2. That the sheriff improperly refused to adjourn the sale.

The premises were sold in Newburgh on the 11th day of December, 1847. They lie in the town of Warwick, Orange county, 27 miles from Newburgh. The sale took place at the Orange Hotel, the usual place for sales of that description in Newburgh. But the Defendants' counsel insists that the sale should have been on the premises, or at some place nearer to the premises.

The law requires that sales should be made in the county in which the lands are situated; subject to this limitation, the officer making the sale has full discretion. This court will not interfere with that discretion, unless a very strong case of oppression and injustice is made out. No very good reason appears for the opinion that real estate will sell better on the premises than elsewhere. It can hardly be supposed that chance bidders will purchase at high prices. Those who intend to buy, usually become acquainted with the lands before the day of sale; and go to the

place of sale prepared to bid a certain amount; and this can be done as well in a village like Newburgh as on the premises.

Nor is there enough in the affidavits to show that the sheriff abused his discretionary power in refusing to adjourn. That the travellin was bad, is true. But it does not appear that there was any violent storm, or any other sufficient reason to prevent bidders from attending. Nor does it appear that a fair number of bidders did not attend, nor that more than one person was kept away by the weather and bad travelling. On the contrary, the premises sold for a fair price, considering the nature of the sale. They brought fifty-five dollars an acre, whereas the highest offer on a re-sale is sixty-one dollars an acre.

It is necessary that there should be stability and certainty in these sales. Otherwise purchasers would be deterred from bidding, and property sacrificed. The court, therefore, never sets aside a sale without some pressing reason, and where the mortgagor has not been guilty of neglect.

Thus, where the horse of the mortgagor dropped down dead on his way to the place of sale, in consequence of which he did not arrive till the property had been sold, at a price much below its value, the court opened its biddings. So also, where the agent who had charge of the business, was deprived of his reason by the visitation of God, and the owner absent from the state. (*Thompson* v. *Mount,* 1 Barbour's Ch. Rep. 607.)

But the rule is distinctly and clearly laid down in numerous cases, that the court will not interfere except in very special cases; and never when the mortgagor is an adult, and has an opportunity of attending the sale, and taking care of his interests, and the sale is fairly conducted. (*Livingston* v. *Burne,* 11 John. 555; *Billington* v. *Forbes,* 10 Paige, 487; *Duncan* v. *Dodd,* 2 Paige, 101.)

The application must be denied, with $10 costs, to be paid by the sheriff out of the surplus.