DANIEL F. COFFEY, Appellant, *v.* MEREDITH W. COFFEY *et al.*, Appellees.

APPEAL FROM PIKE.

At a commissioner's sale under a decree for partition, the purchaser before sale, publicly asserted a claim to the premises, which he threatened to litigate: *Held*, that he was not a fair purchaser, and that for this and other acts of fraud, the sale was properly set aside.

Courts of equity have full power to supervise sales made under their direction; the purchaser under a decree submits himself to their jurisdiction in all matters connected with it, and this power may be exercised by bill, petition or motion.

THIS was a petition in the court below for a partition of certain real estate, filed by the appellees against Sarah Coffey and others. Commissioners having reported against partition, an order for sale was made, and Samuel F. Hill was appointed a commissioner to sell upon due notice, etc. The decree further provided that said sale should be upon the terms of one-fourth cash down and the balance on a credit of twelve months, to be secured by bond and mortgage on the premises ; and said decree further ordered said commissioner upon such sale to make, execute, and deliver to the purchaser or purchasers good and sufficient conveyances for the property sold, etc., etc.

At the next term of the court, the commissioner reported a sale of premises, in pursuance of the order of the court; that he sold the south-east quarter of the south-east quarter of section three, four south, three west, and twenty-six and two-thirds acres off the east side of the south-west quarter of section three, same township and range, to Daniel F. Coffey; the first-named tract for $455, and the other for $270. The remainder of said lands were sold to N. Bradbury and Wm. F. Hooper. That said purchasers had complied with the terms of the sale as required by the court, and that he had, as directed, executed conveyances to said purchasers for said lands.

At the same term of the court, James Hutchinson, guardian for one of the petitioners, filed a notice, a copy of which had been served on D. F. Coffey, notifying him of his intention to move to set aside the sale of the two tracts of land to said Coffey, and for a re-sale of the same, and also filing his affidavit alleging fraudulent and improper conduct on the part of said Coffey, by which it was alleged he had bid off said land at a sum under its value.

On reading of the affidavit and proof of the notice, an order was entered by the court referring the cause to the master to take proof on the motion and report the same to the court, and the case was continued. At the next term of the court, the master filed his report of the testimony of witnesses.

At the succeeding term of the court, upon the report aforesaid the court set aside the sale to D. F. Coffey, and ordered a re-sale of the same lands, from which order said D. F. Coffey appeals, and now assigns for error : First, that the court erred in sustaining the motion to set aside said sale ; second, that the court erred in setting aside said sale without qualifications, terms or conditions; third, that the court erred in setting aside said sale without notice to Aaron Reynolds ; fourth, that said order was erroneous and irregular.

The cause was heard before WALKER, Judge, at March term, 1854, of the Pike Circuit Court.

M. HAY, for Appellant.

W. A. and J. GRIMSHAW, for Appellees.

SCATES, J.   Plaintiff purchased two tracts of land at a commissioner's sale under a decree made in a case of petition for partition, paid one-fourth of the purchase money and executed his notes with surety, received a conveyance, and executed a mortgage to secure the balance due on the notes.

The petitioner gave notice of a motion to set aside this sale, and at the next term entered his motion and filed the affidavit of his guardian, showing and charging that the lands were sold at an under value, on account of the fraudulent conduct and contrivance of plaintiff.   Under the direction of the court, proofs were taken and reported by the master, and upon the hearing, the sale to plaintiff was vacated and set aside, and premises ordered to be sold.

The case comes by appeal from this decree.

The only question of any importance in the case is, whether there is such unfairness and fraud in the sale as to warrant the decree setting it aside.   Of this we have no doubt.

The plaintiff, with his brothers and sisters, had, or pretended to have, a claim of title to one of these tracts adverse to petitioners.   Under these circumstances, if he desired to become a bidder, it was essential to fairness towards petitioner that he should conceal or forbear to assert his adverse claim, whatever consequence might result therefrom to his interest.   It is not competent for him to assert his claim to the premises by a public announcement at the biddings, with a threat to litigate it with any purchaser, and then enter into competition in the biddings, and purchase at an under value occasioned by the depreciation his own conduct had produced.   If it were essential for the protection of his claim to give notice and make it known at the sale, he thereby disqualified himself to bid or become a purchaser of this adverse title at such sale.   He shall not be allowed to depreciate or destroy the value of the land by denying the title, then buy it at a depreciation thus produced, and claim to be a fair purchaser.   Such is proven to have been his conduct in this case.   A witness desired to purchase the tract claimed, and would have paid more for it than plaintiff gave, had not this claim been made.   So he would for the other to which no claim was made, if he could have purchased with it the piece claimed.   Its value depended in part upon its connection with that piece.

Another witness, though he had no money to bid, yet desired the land, and actually purchased the same of plaintiff before he bid on it, at an advance of some five hundred dollars, on time.

These facts show such fraud upon, and injury to, the rights and interests of defendant as call for correction from the court, in the exercise of a sound legal discretion of its power of disapproving and setting aside sales under its orders; and we think that discretion properly exercised in this case.

The objection taken to the proceedings by motion, is not sustainable.

The case is essentially different from the case of *Day* v. *Graham*, 1 Gilm. 435. Courts of law have a supervision over the execution of their process, and yet may not, as in that case, properly afford relief by setting aside sales made under it, but leave the party to his bill in equity.

Courts of equity have a like general supervision over their process, and more especially over the particular sales ordered by their decrees and made by their special agents or commissioners. So far is this carried under the English practise, that the sale, until confirmation by the chancellor, is treated merely as a bid, and subject to a proposition of an advance. 6 Vessey, 513; 8 Ibid. 214.

We have not adopted the rule to this extent, (15 Ill. 447), but the power, right and duty of the court to supervise, protect and preserve the parties from all fraud, unfairness and imposition, is of universal application here. *Ayers* v. *Baumgarten*, 15 Ill. 447; 2 Paige, 99; 339; 3 ibid. 97; 9 ibid. 259; 1 Edw. Chan. 577; 5 Humph. 355; 4 ibid. 372; 2 B. Monroe, 497; 3 Dana, 620; 1 Smede and Marsh. Chan. 522; 23 Miss. 445. And this is well put in *Casamajor* v. *Strode*, 1 Sim. and Stu. 381 (1 Eng. C. 382), upon the ground that the purchaser does, by the act of purchase under a decree, submit himself to the jurisdiction of the court as to all matters connected with that character. This is sometimes done by bill, as in *Bacon et al.* v. *Conn*, 1 Smede and Marsh. Chan. 348; by petition, as in *Henderson* v. *Herrodetal*, 23 Miss. 451; 2 Paige, 100; 9 ibid. 260; 3 ibid. 94; 15 Ill. 144; and sometimes by motion, 3 Dana, 615; 2 B. Monroe, 408; 5 Humph. 355; 2 Paige, 240; 1 Edw. Chan. 578; 4 ibid. 703.

The case before us is a proper one for a motion. The sale by plaintiff to the witness Reynolds, before the bidding, does not present the case of an innocent purchaser who is entitled to be made a party by bill or petition, but it is a part of the evidence of the fraudulent conduct of plaintiff in forestalling competition.

Decree affirmed.                                    *Decree affirmed.*