## OSGOOD vs. HAMILTON, EXR.

### Twelfth Judicial District Court, October, 1857.

### MOTION FOR A JUDICIAL RE-SALE.

Where property has been sold, under order of a court, to effect a partition of partnership assets, in which infant heirs are interested, a re-sale will not be ordered upon the offer of an advance of ten per cent. upon the amount brought by the property, if the transaction be free from fraud, surprise, or if the property has not been sacrificed.

The necessary facts are stated in the opinion. On motion to open the biddings upon the sale of certain real estate, and for a re-sale.

*Janes, Lake & Boyd,* for plaintiff.

*Daniel Rogers,* (guardian *ad litem* for infant heirs) for defendants.

For the motion, D. Rogers contended :

1st. That, from the analogy of the law, providing for the setting aside sales by executors, it would seem that this court has the power of opening the biddings, upon an advance of ten per cent. beyond the price for which the property was sold.

2d. That, according to the English chancery practice, opening biddings is a matter of course, when an advance of ten per cent. is offered. (See 3 Daniel's Chancery Practice, 923, and cases there cited).

3d. That, inasmuch as the plaintiff was the purchaser, (his being the only bid,) and the defendants mostly infants, the present case calls for the interference of the discretionary powers invested in courts, exercising chancery power.

4th. That although the courts of New York have not adopted the English practice in opening biddings, yet, in extraordinary cases, they will do it. 2 *Paige's Chancery R.* 99 ; 3 *Johnson's Chancery R.* 290 ; 13 *Wendell's R.* 224.

D. Lake, opposing the motion, argued :

There are not many reported cases to be found, in either the English or American books, where judicial sales are sought to be opened.

The cases in which such practice most usually occurs, are cases of probate sales. And in them, the practice is usually founded on some express provision of the statute regulating such sales, as in our own state. (See Comp. Laws, page 401 § 119.) The rule in these cases is absolute and certain. No discretion is left in the court.

We do not find in the books any reported cases of application to open a partition sale. We can only assume that the power of the court is analogous to that exercised in mortgage cases.

It is undeniably the practice in England to open biddings at master's sales, prior to a confirmation and sometimes even after confirmation. In the first case, upon a mere advance upon the former bid, and in the

second, upon such advance, and some circumstances showing surprise or mistake, or fraud.

The manner of conducting the sale in England is very different from ours, and opening the biddings is as much a part of the machinery of a judicial sale there, as is the making of a deed to the purchaser. For description of both the English and American modes of making sales, by the master, see remarks of senator Mason, in the case of Collier vs. Whipple, 13 *Wend. p.* 233.

The English practice has never been followed in this country.

Mere inadequacy of price is not here deemed a sufficient ground for opening a sale.

See Williamson vs. Dale, 3 *Johns, C. C.* 290 ; White vs. Floyd, 1 *Spier's Eq. R.* (New Jersey) 355 ; Dunear vs. Dodd, 2 *Paige C. R.* 99 ; 2 *Hoffman's Ch. Prac.* 146 ; Young vs. League, 1 *Bailey's Eq.* (So. Carolina) 17 ; Dick vs. Cooper, 24 *Penn.* 222 ; Wertzel vs Fry, 4 *Dall.* 218 (2d Ed. p. 209 ;) Glenn vs. Clapp, 11 *Gill and J.* 1 (Maryland :) House vs. Walker, 4 *Md. Ch. Decis.* 62.

We further contend, that this is a statutory proceeding, and that no provision is made in the statute for opening the sale. The sale is to be to the highest bidder, at the time and place contained in the notice. See practice act, § 287.

The only ground for refusing a confirmation of the sale, to be found in the statute, is contained in § 295, of same act, and that is not this case.

NORTON, J.—In this case certain real estate, in the city of San Francisco, was sold under an order of the court, to effect a partition. Some of the parties in interest are infants. The property sold for $15,-000, and since then, responsible persons have offered to bid $17,000, in case a re-sale is ordered, for which a motion is now made.

In England it is the custom to open the bids, in case an advance of ten per cent. is offered. In this country, the courts have refused to adopt this custom, and it seems for good reasons. (Duncan vs. Dodd. 2 *Paige,* 99 ; Collier vs. Whipple, 13 *Wend.* 232.) In case of fraud or surprise, or where the property of infants had been manifestly sacrificed by the neglect of their guardians, relief may be granted, but this is not a case of that kind.

Motion denied, and report of sale confirmed.