ATKINSON vs. RICHARDSON, impleaded &c.

OGILVIE vs. RICHARDSON, impleaded &c.

A circuit court made an order requiring a purchaser at a foreclosure sale, who had neglected to pay the purchase money, to make payment of the same with interest within a certain time after service of the order. The purchaser having refused to comply with the order, which was duly served, the court should have granted an *execution* against his property to make the amount due.

APPEAL from the Circuit Court for *Rock* County.

*Eldredge & Pease*, for appellants.

*Bennett, Cassoday & Gibbs*, for respondent, contended that the order of the circuit court directing the purchaser to pay the amount of the purchase money was simply an order, and not a judgment (15 Wis., 594, 59; R. S., ch. 140, sec. 28;

compare ch. 137); that by the practice in England, New York and this state, such an order is to be enforced by imprisonment as for a contempt (1 Barb. Ch. Pr., 536; 2 id., 270–72; *People v. Bennett*, 4 Paige, 282; *Patrick v. Warner*, id., 397; *Lansdown v. Elderton*, 14 Vesey, 512; *Wilkins v. Stevens*, 19 id., 117); that this practice is retained in New York notwithstanding the act abolishing imprisonment for debt (Van Santv. Eq. Pr., 459–60; *People v. Compton*, 1 Duer, 512; *Wicker v. Dresser*, 13 How. Pr. R., 331; 14 id., 465; *In re Smithurst*, 4 id., 368); and that the provision of the N. Y. Revised Statutes under which this is done (Sec. 1, Title 13, Ch. 8, Part 3, R. S. N. Y., Vol. 2, pp. 552–3, Edmonds' Ed.) has been incorporated into the statutes of this state. R. S. 1849, p. 598; R. S. 1858, ch. 149. 2. If *Richardson* was entitled to an execution of course, his attorney should have issued it without an application to the court. If an execution was not issuable of course, and it was the duty of the court to issue one, the remedy to compel the court to do its duty is by *mandamus*. 2 Burr. Pr., 172 et seq., and cases there cited; *Ex parte Chamberlain*, 4 Cow., 49.

*By the Court*, DIXON, C. J. The past history of these cases will be found in 14 Wis., 157, and 15 id., 594. It was formerly decided that the purchaser of property sold under a decree of the court of chancery, becomes a *quasi* party to the cause, so far as relates to the rights and duties properly appertaining to his purchase under the decree, and that the court has jurisdiction, upon motion or petition in the action, to compel him to pay the amount of his bid. This principle is settled beyond all cavil or doubt, as will appear from an examination of the following authorities: *Cunningham v. Williams*, 2 Anstruther, 344, decided in the Exchequer in 1794; *Child v. Lord Abingdon*, 1 Vesey, 94, decided in 1790; *Lansdown v. Elderton*, 14 id., 512, decided in 1808; *Executors of Brasher v. Courtlandt*, 2 Johns. Ch., 505, in 1817; *Gordon v. Saunders*, 2

McCord's Eq. R., 151, in 1827; *Stimson v. Mead*, 1 R. I., 541; *Cowell v. Lippitt*, 2 id., 92; *Coffey v. Coffey*, 16 Ill., 141; *Deaderick v. Smith*, 6 Humphrey, 138; *Blackmore v. Barker*, 2 Swan (Tenn.), 340; *Todd v. Dowd's heirs*, 1 Met. (Ky.), 281; *Clarkson v. Read*, 15 Gratt., 288; *Wood v. Mann*, 3 Sumner, 318.

In pursuance of the former directions of this court, an order, or, as it is styled in the court below, a judgment was entered in each case, requiring the purchaser to pay in the purchase money and interest to the clerk of the court within a certain number of days after service of a copy. Copies were duly served, and the purchaser refused to comply with the orders. Applications were then made, upon affidavits showing such refusal, for leave to issue executions against the property of the purchaser. These were denied, as stated in each order, "on the ground that said judgment is an unauthorized judgment, and that no execution can issue thereon." It is from these orders denying leave to issue execution, that the present appeals are taken. It follows almost as a matter of course from our former decision, and from the well settled rules of law in such cases, that the court below was in error in refusing the applications.

The power of the court to enforce its orders and judgments is undoubted, and the writ of execution against the property of parties in default for the non-payment of money, is a familiar process, especially in cases where the party in default is not liable to attachment as for a contempt. We have no doubt of the power of the court to award executions in these cases, and that they should be issued. *Blackmore v. Barker*, 2 Swan (Tenn.), 340, above cited, is a case where a similar liability was enforced in the same way. Judgment was entered and execution awarded against the purchaser for the purchase money remaining unpaid.

Orders reversed, and causes remanded for further proceedings in accordance with this opinion.