Gilbert, J.
This case involves the question in what mode, and to what extent, the exercise of the franchise of running horse cars, upon the streets of the city of Brooklyn, under legislative authority, is subject to municipal regulation and control.
The charter of said city grants to the common council thereof, power to make ordinances for the following, among other purposes, namely: 1. To license and regulate railroad cars. 2. To prohibit and abate nuisances. 3. To prevent and remove obstructions in and upon the streets, &c. ,(Charter, tit. 2, § 13, subd. 4, 9, 17). This *366 enables the common council to protect the public interests of the city, and the proper security of the persons and property of its inhabitants, by preventing the use of the public streets in any way incompatible therewith. But the object must be accomplished by general rules or laws. The power is one of legislation merely, and it cannot be summarily enforced against any apparent legal right (R. R. Co. v. Buffalo, 5 Hill, 211). The ordinances on this subject passed by the common council, confer upon the defendant Furey, as street commissioner, supervision over the streets (Art. 3, §1), and prohibit the obstructing or incumbering any street, and authorize the removal of such obstructions (Art. 3, § 11; Art. 6, § 1). The latter ordinance provides, that it shall not be construed to prevent loading or unloading of passengers from any public or private conveyance, or of vehicles waiting a reasonable time for that purpose. This proviso, however, is only of minor importance in determining the claim of power set up by the defendants.
Under the statute and ordinances cited, the defendants claim the right and authority to act summarily, and without, legal process, to prevent the plaintiff from using certain tracks, laid down by them at the termini of their several routes adjacent to the Fulton Ferry, on the ground that they are superfluous, and unauthorized by the legislative act under which they hold and exercise their franchise, and also, to compel the departure of them cars without waiting to take up passengers arriving by such ferry, and also to compel the plaintiffs to change the position of their switch or turn-table at the terminus aforesaid, because it is so near the dock, at the foot of Fulton-street, as to render the use of such dock dangerous.
The plaintiffs on the contrary claim the right, and insist, that it is their duty to exercise the privileges and powers, thus assailed, under the aforesaid legislative grant.
The existence of this grant is not disputed. The only question in the case relates to its scope and effect. Upon this subj-'ct this court held, at general term, in the case of *367 Central R. R. Co. v. Brooklyn City R. R. Co., that the effect of section 2 of the act of Mar. 23, 1864,—whereby the plaintiffs were authorized “ to construct and operate their railroad over the several routes mentioned in their articles of association,”—was to relieve the company from all dependence upon the common council of the city, for leave to lay down its tracks upon the streets of the city, mentioned in their articles of association, if such consent had not been previously obtained (32 Bard., 363).
The summary power asserted by the defendant is essentially judicial. The pretension is, certainly, a novel and extraordinary one. To sustain it, would certainly weaken the constitutional guaranty which protects private property against deprivation, without due process of law.
I am of opinion, that the defendants are mistaken in respect to the nature and extent of the powers on this subject with which they have been vested. It is not necessary to define the limits of such powers. It is sufficient to say, that this railroad, being authorized by law, is not per se a nuisance, and that, whether the tracks and appendages thereof, which it is alleged are illegal, have been duly constructed under the authority of the legislature, or are a necessary incident to the franchise granted, are, to say the least, legal questions, which the defendants have not a right to determine summarily in the exercise of a power to abate nuisances, and remove obstructions from streets. They cannot make a thing a nuisance by declaring it to be so, nor can they, in the exercise of the power of regulation, materially impair, or affect the franchise actually granted by the legislature (Davis v. The Mayor, 14 N. Y. [4 Kern.], 524; State v. Jersey City, 5 Dutch., 170). If the evils and abuses which they allege exist, the courts are open to redress them, and they must in executing the public trusts confided to them, seek some legal or equitable remedy.
The motion to continue the preliminary injunction, therefore, is granted with $10 costs.