Brady, J.
There are some circumstances stated herein, which tend to sustain the charge that the defendant above named was endeavoring to obtain the *76 mortgaged premises, and was aided in that design which would be in violation of his representative character, and of his duty to the infant children. The refusal to assign the claim, and the fact that the plaintiff took back a mortgage for an amount exceeding the amount of the principal due on the mortgage foreclosure, and the interest due thereon and expenses incurred, seem corroborative. The charges of collusion are, however, absolutely denied, and what would seem therefore strong circumstances, may be regarded as coincidents. It may be assumed as apparent, however, that the sum given at the sale for the premises was inadequate. This is evident from the fact that a mortgage for the whole of that sum, less $410 only, was negotiated with very little trouble, and accepted by the plaintiff and prior mortgagee. Why she should foreclose, when the property was amply sufficient, and when she did nut want the money, facts evidenced by her accepting it as a security for a larger sum loaned by her, is incomprehensible, unless connected with some scheme or for some object concealed. If the defendant above named had not been the purchaser and subsequent mortgagor no suspicion could have.arisen; but the details all lead to the impression, if not conviction, that some preconceived plan existed. This would not, however, even if it were a fact, justify any interference with the sale, unless the court was assured that on the second' sale a larger sum would be obtained, or that at private sale the premises could be disposed of to greater advantage. If that could be shown, it seems doubtful whether the infants would be benefited, because the claim of the defendant as executor is such, if sustained, as to absorb any balance that might remain after the payment of the mortgage. This case is embarrassing, and in some respects unpleasant to contemplate. I have given it much consideration, and have arrived at the conclusion that tms motion must be denied.
*77 This conclusion, is based upon the fact that no one has offered to pay a higher price for the property in a reliable manner. No one has bound himself to take it at any price. The mortgagee had a right to foreclose, notwithstanding the depression in real estate ; and as that depression continues, it is not likely that better ■results will follow if a re-sale be ordered. It cannot be said that any substantial injustice was done to the infants, on the proof now presented. It may not be a violent presumption that the defendant above named would consent, under all the circumstances, to transfer his bid and results, if a larger sum could be obtained, the surplus of which should be deposited to the credit of the infants in this action. This court cannot fail to feel an interest in the affairs of infants of which it stands a quasi guardian, when they are brought to its notice, and hence the suggestion. On these papers, however, the motion must be denied.
Leave to renew being afterward granted, Mr. Hendrickson moved again, on further affidavits, showing,among other things, that the purchaser had offered the premises or sale, at the minimum price of $8,500 ; and also on a bond approved by a judge of the court, and tendered on behalf of the infants, in the penalty of $6,000, conditioned that the property should bring that sum on a re-sale.
The following opinion was delivered March 3, 1877, on granting an order for a re-sale:
Donohue, J.
While the proofs on the affidavits seem to be overwhelming with the purchaser, yet there are some coincidences—to call them no more—that compel me to discredit the case made by him: that the plaintiff, whose interest was paid, should, without inducement, sell out on a mortgage of $3,000, and take back one of $4,000 without explanation. It is impossible for me, with the press of other engagements, to go into *78 an extended examination in the shape of an opinion, but the conclusion at which I have arrived is that there must be a re-sale.
F. H. Cowdrey, for appellants, urged:
I. That the charge of collusion was fully considered by the justice on the motion for judgment, and that the judgment effectually disposed of that charge (Brown v. Frost, 10 Paige, 245).
II. A judicial sale is never set aside for inadequacy of price alone (Livingston v. Byrne, 11 Johns. 555; Duncan v. Dodd, 2 Paige, 101; Am. Ins. Co. v. Oakley, 9 Id. 260; Brown v. Frost, 10 Id. 248; Collier v. Whipple, 13 Wend. 226; Mott v. Walkley, 3 Edw. Ch. 592; Tripp v. Cook, 26 Wend. 146, 153; Williamson v. Dale, 3 Johns. Ch. 290; Woodhull v. Osborne, 2 Edw. Ch. 616; Kellogg v. Howell, 62 Barb. 289; Howell v. Mills, 53 N. Y. 326; March v. Ludlum, 3 Sandf. Ch. 50; Lefevre v. Laraway, 22 Barb. 173; Stryker v. Storm, 1 Abb. Pr. N. S. 426; Whitbeck v. Rowe, 25 How. Pr. 406; Billington v. Forbes, 10 Paige, 488).
*78 Motion granted.
By the order entered on the foregoing decision, the bond was required to be to the following effect: “The said guardian ad litem, shall, within twenty days after the entry of this order, execute or cause to be executed a bond to George A. Halsey, referee appointed by the judgment herein, in the penalty of $5,000, with one surety, to be approved as .to sufficiency and form by one of the justices of this court, and filed with the clerk of this court, conditioned that the premises described in the judgment herein shall bring at least $4,600 and interest from last sale, oh such re-sale, and that in the event of the said premises not bringing that amount, the obligor in the said bond mentioned will pay all the expenses of said re-sale.”
From the order granting a re-sale, the plaintiff and the defendant, C. August Schuster, appealed to the general term.
III. The sale was regularly advertised in the Daily Hegister. A sale will not be set aside because advertised in a newspaper not calculated to give general information (Wake v. Hart, 12 How. Pr. 444). The sale was advertised by a referee and an auctioneer, both of great experience and unquestioned integrity, and, as shown by them, was in every respect fair, was largely attended, with numerous bids, and every endeavor made to obtain the highest possible price. The defendant Schuster had the same right to purchase as any stranger (Brown v. Frost, 10 Paige, 247). The judgment authorized any of the parties to purchase. Moreover, he had a right to bid to protect his bond and prevent any judgment for a deficiency. He' was not trustee of the infant defendants, his wife’s property having been devised absolutely to them. The purchaser complied with the terms of sale. The time allowed to complete being for the convenience of the purchaser, he can, if he prefers, pay the whole purchase money immediately after the sale (Mott v. Walkley, 3 Edw. Ch. 592). It was not necessary that the sale should be confirmed before the deed could be executed (Monell v. Lawrence, 12 Johns. 521).
IV. While it is admitted that it is in the discretion of the court to order a re-sale, it must be a legal discretion that authorizes the exercise of that prerogative (Tripp v. Cook, 26 Wend. 152). When foreclosure proceedings are entirely regular and free from fraud, they cannot be set aside without some legal reason (McCotter v. Jay, 30 N. Y. 80). To authorize a re-sale, in a proper case, there must be a bona fide offer of an increased price, with satisfactory security (Lansing v. McPherson, 3 Johns. Ch. 426; Duncan v. Dodd, 2 Paige, 102; Am. Ins. Co. v. Oakley, 9 Id. 263). When a re-sale is ordered, the property should be put up at the increased price (Collier v. Whipple, 13 Wend. 225; Lefevre v. Laraway, 22 Barb. 171); and it should not be, where it is apparent that no benefit will thereby accrue to the parties applying for it (Stryker v. Storm, 1 Abb. Pr. N. S. 427).
V. It is well settled that one special term should not reverse the decision of another special term on the same facts (Bolles v. Duff, 56 Barb. 567; Belmont v. Erie Rw. Co., 52 Id. 642; Erie Rw. Co. v. Ramsey, 57 Id. 449; Webb v. Groom, 6 Rob. 532; Hall v. Emmons, 8 Abb. Pr. N. S. 454; Hallgarten v. Eckert, 1 Hun, 117).
VI. The order should have provided that the property be put up at the increased price offered, and that the purchaser be repaid the amount of his advance, with interest, also interest on the balance of the purchase money while it remained idle, his costs and expenses, and counsel fees for examining title ; in short, that he should he liberally indemnified (Kellogg v. Howell, 62 Barb. 294; Duncan v. Dodd, 2 Paige, 101; Am. Ins. Co. v. Oakley, 9 Id. 263; Williamson v. Dale, 3 Johns. Ch. 292).
Hubbard Hendrickson (guardian ad litem), for respondents, urged:
I. That there was collusion and fraud in the sale.
II. That the purchase by Schuster for any amount, the deed to him, and the mortgage for $4,000, are all null and void, and ought to be set aside for that reason alone. Any one standing as trustee in respect to property in his possession is not permitted to purchase and hold it for his own benefit, although the sale is a judicial one, under a title superior to that of the trustee or the cestui que trust (Jewett v. Miller, 10 N. Y. 402; Colburn v. Morton, 5 Abb. Pr. N. Y. 315; Van Epps v. Van Epps, 9 Paige, 237). The authorities hearing on this point, both in England and in this country, are-collected by Davies, J., in Gardner v. Ogden, 22 N. Y. 344. The purchase was in violation of law (2 R. S. p. 153, § 20).
III. That the price ($4,410) was so grossly inadequate as to justify an inference of fraud, and a sale will be set aside because of the fraud (King v. Morris, 2 Abb. Pr. 296).
IV. That the court had power to order a re-sale without imposing conditions. Conditions are never imposed, upon infants where the purchaser has acted unfairly.. In King y. Morris (supra), order for re-sale was affirmed;. there was a stipulation only, though the purchaser acted fairly. In Gould v. Libby (5 cases, Brooklyn General Term), 24 How. Pr. 440, no bond was required. In Duncan v. Dodd, 2 Paige, 99, the purchaser was a stranger, and acted fairly; re-sale ordered and bond required. In Lentz v. Craig, 2 Abb. Pr. 294, a re-sale was ordered on condition moving party should give security; the purchaser acted fairly. Billington v. Forbes, 10 Paige, 487; re-sale affirmed, no bond required. American Ins. Co. v. Oakley, 9 Paige, 262; purchase in good faith. Williamson v. Dale, 3 Johns. Ch. 292; purchase in good faith, no bond required, purchaser’s costs, &c., ordered to be paid. See Colby v. Rowley, 4 Abb. Pr. 364. The court having power to order a re-sale without conditions, appellants cannot complain if conditions are imposed. In this case, appellants are not injured, as the referee is ordered to report to the court for instructions as to surplus.
V. That the court had-power to order a re-sale on. behalf of infants without any application (Lefevre v. Laraway, 22 Barb. 177; Stryker v. Storm, 1 Abb. Pr. N. S. 424).
VI. That there were so many inconsistencies in appellants’ story that the whole of it should be discredited.
VII. That if there ever was a case where the court should interpose to protect the interests of orphan children, this was one. If the sale was permitted to stand, these children would be penniless.
By the Court.—Davis, P. J.
The order of re-sale was an eminently proper one. The property was sold for much less than its real value. The testamentary guardian of the children who were owners of the equity of redemption was the purchaser. He claims to have purchased in his own right, and to hold the premises for his own benefit. The holder of the mortgage, soon after the sale, loaned on the property a larger sum than the former mortgage, taking the purchaser’s mortgage of the property for the new loan. Various circumstances appear, tending to show that the sale was a scheme of the purchaser to get the property in his own right, and cut off the interests of the infants at a price below its real value. A responsible bond is produced to the effect that the property at a re-sale shall bring a much larger price than the price at the former sale. The court would fail in its duty toward the infant children, if it refused under all the circumstances disclosed to allow the re-sale. The faithful manner in which the guardian ad litem, Mr. Hendrickson, has discharged his duty in taking care of the rights of the infants, deserves the commendation of the court.
The order should be affirmed with $10 costs, besides disbursements, to be paid by appellant Schuster to the ■guardian ad litem.
Beady, J., concurred.