# WEBB *v.* NICKERSON.

W., Jr., without authority, introduced upon an Indian reservation a quantity of spirituous liquors. N., the Indian agent in charge of said reservation, arrested W., Jr., and seized the wagon and team which were conveying said liquors. W., Sr., claiming to be the owner of the team and harness, brought an action against N, for a wrongful taking and detention; *Held,*

1. That under section 2140, U. S. Rev. Stats., N. had the right, if W., Jr., belonged to either of the classes of persons named in said section, to so seize said team, harness and wagon.

2. In justifying the seizure under the acts aforesaid, it was necessary to allege that W., Jr., was either a "white person" or "an Indian."

3. Under the code, matter which constitutes only a partial defense may be set up by way of answer, but in such case it should be plead as a partial defense.

4. By surrendering the team and harness to W., Sr., N. did not waive his right to justify the original taking as aforesaid.

APPEAL from Klamath County.

*E. B. Watson,* for appellant.

*Bonham & Ramsey,* for respondent.

By the Court, THAYER, J.:

This is an appeal from a judgment recovered by the respondent against the appellant for the sum of two hundred dollars damages, for an alleged wrongful and forcible taking

and detention by the appellant of a certain span of horses and their harness belonging to the respondent, claimed in respondent's complaint to be of the value of two hundred and fifty dollars. It is alleged in the complaint that said taking of the team and harness occurred on the 4th day of April, 1881, at what was then known as Lake county, now Klamath; that the detention continued for the period of fifty days; that the use of the team during that time was worth four dollars a day; that respondent, in order to recover it, was compelled to travel from his residence in Jackson county to Klamath agency, a distance of one hundred and ninety miles and back, occupying a period of twenty-five days, during which time he was prevented from pursuing his business; that his time so employed was worth two dollars a day; that he necessarily expended in so traveling and in his maintenance the sum of eighty dollars, and was compelled to employ an attorney to assist him in his recovery of the team, for which he paid ten dollars.

The appellant interposed an answer to the complaint, which contained a denial of all the material allegations therein contained, and the following matter as a second defense, viz: "The defendant for a further and separate answer and defense to said amended complaint alleges that on the 4th day of April, 1881, and ever since, this defendant was and is and has been an Indian agent of the government of the United States, for the Klamath Indian agency and reservation in the state of Oregon, duly appointed and qualified and acting as such, and that he was at all times mentioned and described in the complaint as such Indian agent in charge of said Klamath Indian agency and reservation; that said Klamath Indian reservation was at all times mentioned in the complaint and now is the Indian country; that on the 8th day of April, 1881, W. S. Webb, Jr., son of the

plaintiff, did wrongfully, without any order of the war department of the United States or any order of any officer duly authorized thereunto by the war department of the United States, introduce into and upon said Klamath Indian reservation, being then and there under the charge of this defendant as aforesaid, and being then and there the Indian country aforesaid, spirituous liquors, to-wit: ten gallons of whisky, and that the team and harness described in the complaint were then and there in the possession of the said W. S. Webb, Jr., in and upon said Klamath Indian reservation, and were then and there actually used and being used by the said W. S. Webb, Jr., in carrying said spirituous liquors into and upon the said Klamath Indian reservation as aforesaid; that on the said 8th day of April, A. D. 1881, this defendant being then and there the Indian agent of the United States in charge of said Klamath Indian reservation as aforesaid, had reason to suspect, and did suspect, and was informed, that the said W. S. Webb, Jr., had introduced said ten gallons of whisky into said Indian reservation as hereinbefore stated, in violation of the statutes of the United States in such case made and provided, and so having reason to suspect, and so being informed, in pursuance of his duty as such Indian agent, did then and there, as he lawfully might, cause the wagon of the said W. S. Webb, Jr., then and there being drawn by the team described in the complaint, in and upon the Klamath Indian reservation aforesaid, to be searched; that in and by reason of said search the said ten gallons of whisky were then and there found concealed in said wagon; that this defendant then and there, as Indian agent as aforesaid, as he lawfully might, did seize the said whisky and the said team in order that he might deliver the same to the proper officer of the United States, to be disposed of as provided by the laws of the United

States, and did then and there destroy the said whisky; that this defendant did, for the purpose aforesaid, retain the possession of the team and harness aforesaid until the first day of May, 1881, at which time, the plaintiff having duly demanded the possession of the said property and having filed his affidavit in due form of law, to the effect that said horses and harness were the property of the plaintiff and that he had no knowledge of the said wrongful acts of the said W. S. Webb, Jr., immediately delivered the said horses and harness into the possession of the plaintiff."

The respondent demurred to this matter of defense, for the reason that it did not set forth facts sufficient to constitute a cause of defense, which demurrer the court below sustained, and that ruling is the only assignment of error to be considered in the case. The respondent's counsel maintains that the demurrer was properly sustained for the reasons: First. That the matter plead as a defense did not authorize the appellant to seize the team and property, under sec. 2,140 of the United States revised statutes, as it did not show that W. S. Webb, Jr., was either a white person or an Indian. Second. That it was not a sufficient justification for seizing the property of W. S. Webb, Sr., for the misconduct of W. S. Webb, Jr.; and, Third. That appellant, by surrendering the property to the respondent, admitted that his seizure of it was illegal.

At common law, every plea must go to the whole cause of action, and be an entire answer thereto on the record. This was a fundamental principle, and it prevails under the code, except that matter may be set up by way of answer which constitutes only a partial defense; but in the latter case it must be pleaded as a partial defense, and not assume to answer the entire cause of action. (*Fitzsimmons* v. *Fire Insurance Co.*, 18 Wis., 246.) The second and third reasons

claimed by respondent's counsel for sustaining the demurrer herein are, in our opinion, entirely untenable. As an abstract proposition, the appellant would not be justified in seizing the property of W. S. Webb, Sr., for the misconduct of W S. Webb, Jr.; but, where the latter is found in possession of the property of the former, and is using it to introduce spirituous liquors upon an Indian reservation, of which the appellant is Indian agent, the appellant would not only have the right, but it would be his duty to seize it and deliver it over to the proper officer, to be proceeded against for forfeiture. The appellant could not be expected to stop in such a case and institute an inquiry as to whether W. S. Webb, Jr., was the owner of the team he was using to haul the contraband article on to the reservation. Nor did the appellant admit the illegality of the seizure of the team by surrendering it in the manner set out in the separate defense. The section of the revised statutes referred to makes it his duty when he has reason to suspect, or is informed, that any white person or Indian is about to introduce, or has introduced, any spirituous liquors, or wine, into the Indian country in violation of law, to cause the boats, stores, packages, wagons, sleds, and places of deposit of such person to be searched, and if any such liquor is found therein to seize it and the boats, teams, &c., used in conveying the same. It is true, the law also requires him to deliver over the property seized to the proper officer, to be proceeded against by libel in the proper court for forfeiture, but if he neglected his duty in that respect by delivering the team to the respondent, upon his demand, and after he had filed his affidavit referred to in said defense, the latter cannot certainly take any advantage of it. The action was for a wrongful taking of the property, and the appellant had the right to plead that he had committed no wrong by showing

a state of facts authorizing him to seize it. The respondent's counsel contends that the state courts have no right to inquire into an alleged forfeiture in such cases. This is undoubtedly true, but they are not thereby precluded from inquiring into an alleged wrong charged against a party. A United States marshal could justify his·arrest of a party, in an action against him therefor in a state court, although the court had no jurisdiction of the offense upon which the arrest was made. The right to justify for an arrest or seizure, in an action therefor, cannot possibly depend upon the question of the jurisdiction of the court in which the action is brought, over the subject matter of the arrest or seizure. The counsel for the respondent relies upon *Gelston et al.* v. *Hoyt*, 3 Wheat., 246, as establishing his third ground for sustaining the demurrer. We have examined that case with some care, but have been unable to discover its applicability to the one at bar. The defense there could not be sustained, as there had been an adjudication of acquittal, and no certificate of reasonable cause for the seizure had been given, and it was held that the action for the seizure could not be maintained during the pendency of the proceeding for condemnation. In the case at bar, there has been no adjudication upon the seizure. The proceeding was arrested as much by the act of the respondent as of the appellant, and he is as much affected by the result as the appellant is.

The other reason for sustaining the demurrer is purely technical. It is very apparent that W. S. Webb, Jr., is a white person. That fact was doubtless so well understood that appellant's attorney overlooked the necessity of alleging it in the separate answer. The facts which are therein alleged, and admitted by the demurrer to be true, show that the said W. S. Webb, Jr., was guilty of a grave offense, and

if they had included the allegation referred to, that he was a white person, would have constituted a complete defense to the action.

In viewing the affair from the record standpoint of the case, the court can arrive at no other conclusion than that the appellant has been unjustly dealt by, and it would glady have laid hold of any point that would legally have authorized it to reverse the judgment against him; but the said section of the United States revised statutes only authorizes, in terms, a seizure in such cases, as against a white person or Indian, and as it is a penal statute, the court does not feel warranted in extending it beyond the language employed. It is most extraordinary that Congress intended to confine the right of seizure in such a case to the two classes of persons mentioned, yet it is difficult to understand why it used the words "white person or Indian," if it had intended to include other classes as well. At all events, the court does not consider that it is authorized to look beyond the language of the act to ascertain the intention of the body that framed and enacted it, in a case of the seizure of a person's property for forfeiture.

The court regards these views as decisive of the question last considered, and as determining the case. The new matter was insufficient as a complete defense to the action; and, while it might have been used as a partial defense or in mitigation of damages, yet it cannot be, as it professes to answer the entire cause of action.

It has been suggested by the appellant's counsel, that the demurrer should have pointed out this defect, but the court is of the opinion that the practice which governs in that particular is analagous to that which obtains in case of a

demurrer to a complaint, where it is claimed that it does not contain facts sufficient to constitute a cause of action.

The judgment of the circuit court is therefore affirmed. Judgment affirmed.