C. A. Bergh, Plaintiff in Error, v. Charles P. Crosby, Defendant in Error.

Gen. No. 15,688.

HUSBAND AND WIFE—*authority of latter to bind former.* *Held,*

that a *prima fiacie* case of authority by the wife to bind her husband with respect to family necessaries was made out.

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed June 19, 1911.

OSCAR D. OLSON, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This suit was brought by the plaintiff in error against the defendant in error to recover on an account stated for groceries. The evidence showed that the defendant resided with his wife in Chicago; that at various times both the defendant and his wife ordered groceries from the plaintiff, and Mrs. Crosby at various times made payments on the bills rendered; that a bill was presented to Mrs. Crosby at her home, the amount of which was not proven, but was claimed to be $208, which she examined, and paid ten dollars thereon and said to come back in a week and she would pay ten dollars more. Subsequently calling to make a collection, it was learned that the defendant and his wife had moved to Ohio. Mrs. Crosby later returned to Chicago. While here she met with the plaintiff and others at a lawyer's office for the purpose of adjusting this and another claim. It is shown that at that conference the plaintiff claimed there was then due $192.70, and Mrs. Crosby said the bill was not over $158 and she had made payments thereon, not stating how much. On this evidence, submitted to the court without a jury, the court held agency of the wife was not proven, found for the defendant, quashed the attachment and discharged the garnishee.

The general rule as we understand it is stated in Compton v. Bates, 10 Ill. App. 78, as follows: "In regard to the proof of this authority in the wife, the books state the rule generally to be, that if the husband and wife are living together, there is a presumption arising out of the circumstances of cohabi-

tation that the husband assents to contracts made by the wife for necessaries suitable to his degree and estate; but this presumption, it is apprehended, can be rebutted by proof," etc. This rule is supported by Rea v. Durkee, 25 Ill. 414; Gotts v. Clark, 78 Ill. 229; Bonney v. Perham, 102 Ill. App. 634, and Schouler on·Husband and Wife,·sec. 106. Mr. Schouler states: "Thus the presumption which cohabitation furnishes is strengthened by proof that the wife has been permitted by the husband to purchase other articles of the same sort for the use of the household. But it must be ordinarily things for what may be termed the domestic department, to which the wife's authority to bind her husband is restricted."

It is therefore a question of evidence and if the wife had authority to contract and to pay for the groceries, she necessarily had authority to admit the indebtedness. We think the evidence sufficient to establish the authority of Mrs. Crosby to bind the defendant, and that a *prima facie* case was made out for the sum of $158; but as the plaintiff claims more than that sum, the judgment is reversed and the cause remanded.

*Reversed and remanded.*