Bergh v. Crosby, 186 Ill. App. 195.

proceeded to remove the iron from defendant's yards until he had removed a quantity which at the agreed price would have amounted to the sum paid, when he was stopped by the defendant from removing any more iron, *held* that a verdict and judgment for defendant was proper, it appearing that the sale was a "spot cash" sale and that no goods were to be removed until paid for.

## C. A. Bergh v. Charles P. Crosby.
## Swan Nelson (Intervenor), Defendant in Error, v. Orville D. Eastman (Garnishee), Plaintiff in Error.

### Gen. No. 19,160.

1. JUDGMENT, § 642*—*when Municipal Court has jurisdiction to strike from files an assignment purporting to satisfy a judgment.* The Municipal Court may upon motion strike from the files an assignment and satisfaction piece purporting to satisfy a judgment in that court, where the facts are simple and easy to ascertain.

2. GARNISHMENT, § 105*—*when judgment against garnishee may be entered in the name of nominal plaintiff.* In a garnishment proceeding commenced by attachment where the attachment plaintiff pending an appeal by him assigned his claim to a third party, and the garnishee was notified of the assignment, *held* that the assignee was not a stranger to the matter and that a judgment entered against the garnishee in the name of the attachment plaintiff had the same force and effect as if it stood of record in his name.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 4, 1914.

GEORGE H. MASON, for plaintiff in error Orville D. Eastman.

EINAR C. HOWARD, for defendant in error Swan Nelson.

MR. JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

We are asked to reverse an order entered in the Municipal Court upon motion of Swan Nelson, defendant in error, to strike from the files a certain assignment and satisfaction piece purporting to satisfy a certain judgment in that court.

On January 26, 1909, C. A. Bergh commenced an attachment suit in the Municipal Court against Charles P. Crosby. The plaintiff in error, Orville D. Eastman, was summoned as garnishee. After hearing, judgment was entered against Bergh for costs. He brought the case to the Appellate Court by writ of error, and while it was so pending he, by written assignment on September 21, 1909, transferred his claim to Swan Nelson, and Eastman was notified of this assignment. Nelson prosecuted the suit with success in the Appellate Court (162 Ill. App. 536), and upon the remanding order being filed the Municipal Court entered judgment against Eastman as garnishee for $204.40. Nelson did not have the name of the plaintiff changed and the judgment ran in favor of C. A. Bergh, the nominal plaintiff, Nelson being the real party in interest.

Eastman also bought from the heirs of Emily C. Harrington, deceased, the real estate owned by her at the time of her death, subject to claims allowed against her estate, among which was a claim by C. A. Bergh, which had also been assigned to Nelson.

In the meantime, Bergh had filed his petition in bankruptcy, and was adjudicated a bankrupt on August 26, 1910, Frank M. McKey being duly appointed trustee. Thereafter McKey filed his account in the United States District Court and was subsequently discharged as trustee. In the schedule filed in the United States Court Bergh did not schedule either his claim against Eastman or his claim against the estate of Emily Harrington, deceased, these claims having been already assigned to Nelson.

Afterwards, E. R. Goldsmith, the agent and attorney of Eastman, and who had notice of the aforesaid assignments to Swan Nelson, negotiated with McKey, the

trustee in bankruptcy, to vacate the order of discharge of McKey, on the ground of newly discovered assets. Said order of discharge was vacated, and an order entered authorizing McKey to sell the claims against Eastman and also against the Harrington estate, which latter claim amounted to $120 and was a lien upon the real estate which had been purchased by Eastman. At the sale of these claims Goldsmith, acting as agent for Eastman, bid for both of said claims, aggregating about $365, the sum of $145, such offer being on condition that should Bergh appear to have made a bona fide assignment of either judgment or claim prior to his adjudication as a bankrupt, then the money paid should be returned. Neither Nelson nor his attorney, nor the attorney for the administrator of the estate of Harrington, nor the administrator, was notified of this sale, and had no knowledge of it until some time after it was made.

These facts show clearly that, in justice, the court was right in entering the order which was entered. So far as Eastman and his attorney were concerned, the judgment against Eastman had all the force and effect as if it stood of record in the name of Nelson. No subsequent dealings of Eastman with Bergh or his trustee could affect the rights of Nelson. We see no reason why the court did not have jurisdiction for the purpose of entering the order. The order did not affect the subject-matter of the case nor change the judgment; it simply struck from the files something which had no right to be there. Nelson cannot be called a stranger to the matter, for both Eastman and his attorney knew that he was the real owner of the judgment. While Nelson might under the present statute have sued in his own name, yet he could, if he so wished, proceed to judgment in his assignor's name.

While in certain cases, where there are many conflicting claims and questions to be determined, it may be desirable to resort to a court of equity, as in the case of *Barrett v. Lingle,* 33 Ill. App. 650, in the present

case the facts were so simple and easy to ascertain that the court properly undertook to act. The following cases hold that such a matter may be brought before the court by motion: *Day v. Graham,* 6 Ill. (1 Gilman), 435; *Coffey v. Coffey,* 16 Ill. 141; *Jenkins v. Merriweather,* 109 Ill. 647; *International Packing Co. v. Cichowicz,* 114 Ill. App. 121; *Parker v. Crilly,* 113 Ill. App. 309; *People v. Parker,* 231 Ill. 478.

The order is affirmed.

*Affirmed.*