# Oregon Railway Co. *v.* Bridwell, et al.

Action for Condemnation of Land—Form of Verdict.—In an action for
the condemnation of land for the use of a railroad, a verdict is sufficient
in form which finds, in effect, that the defendants are entitled to dam-
ages in the sum named therein.

Idem—Form of Judgment.—In such action, no judgment *in personam* against
the plaintiff can be rendered. The judgment should appropriate the
right of way to the plaintiff's use after payment of the damages assessed
by the jury.

Appeal from Polk County.

*Daly & Butler*, for appellant.

*Truitt & Johns*, for respondent.

By the Court, Watson, C. J.:

This is an action under the statute for condemning a
right of way for a railroad.

The necessity for the right of way and the damage result-
ing from its establishment, were the only issues submitted
to the jury. The jury found for the defendants in the sum
of two thousand seven hundred dollars, and a judgment
thereon in their favor was entered in the common form for
the recovery of the sum found for them by the verdict.
The plaintiff, the railroad company, appeals, and assigns for
error:

1. The insufficiency of the verdict to support any judg-
ment.

2. The improper form of the judgment actually entered.

The verdict finds in effect that the respondents are enti-
tled to damages in the sum named therein.

This finding necessarily includes the determination of the
issue as to the right of way being necessary to the appellants

as well as the issue as to the amount of the respondents' damages.

The respondents were not entitled to any damages unless the appellant was entitled to have the right of way condemned to its use, and finding the former necessarily included a determination of the latter. (*White* v. *Bailey*, 10 Mich., 155.)

The judgment entered upon the verdict is not, however, in proper form. No judgment *in personam* against the appellant was permissible. The only judgment the court was authorized to render was one appropriating the right of way to the appellant's use after payment of the damages· assessed by the jury to the respondents. (*Oregonian Ry. Co.* v. *Hill*, 9 Or., 377.)

It is not necessary, however, to disturb the verdict. The error lies in the form of the judgment alone. The judgment must be reversed with directions to the court below to proceed upon the verdict in conformity with the views herein expressed.

Judgment reversed.