(Franklin County Common Pleas.)

## MARY HUMMEL v. THE STATE OF OHIO.

Charge of using obscene language—How offense must be charged in affidavit.

Error to Police Court.

EVANS, J.

The plaintiff in error was tried, convicted and sentenced in the police court. upon an affidavit which charged the offense as follows: to-wit, "that one Mary Hummel, on or about the 15th day of June, 1899, at the county of Franklin and state of Ohio, being over fourteen years of age, did unlawfully and willfully, utter and use, obscene and licentious language unfit for allegation herein in the presence and hearing of certain females whose name are unknown to affiant."

The prosecution was under section 7026, Revised Statutes, which provides as follows:

"Whoever being over fourteen years of age willfully * * * utters or uses any obscene or licentious language or words in the presence or hearing of any female, shall be fined", etc.

Does the affidavit charge any offense known to the laws of Ohio?

It is a well settled rule of criminal pleading, that an indictment must aver, with reasonable certainty, all the material facts which are necessary to be proven, to procure a conviction, and this rule has not been changed by the code of criminal procedure (25 O. S., 388). This rule of pleading applies to prosecutions in the police court, based upon adffiavits. If there is any relaxation of the rule as to magistrates generally, it is as to matters of form only, and not as to matters of substance. The charge, whether in affidavit or indictment, must allege, in some form, with reasonable certainty, every material fact necessary to be proven to procure a conviction—and this includes every fact essentially necessary to a description of the offense.

The averment that the language was "obscene and licentious" characterizes

| Yr. | Am't. which the Court find the Insurance Co. should have listed for taxation. | Am't listed by Insurance Co. for taxation. | Amount omitted. | Amount omitted, plus 50 per cent. penalty. | Rate | Tax. |
|---|---|---|---|---|---|---|
| 1886 | $1,193,224 32 | $ 880,864.00 | 312,360.32 | $168,540.48 | $1 02 | $ 4,779.11 |
| 1887 | 1,265,648 00 | 930,861.00 | 334 787.00 | 502,180 50 | 1.02 | 5,122.24 |
| 1888 | 1,363 368.00 | 930,686.67 | 432,681 33 | 649,021.99 | .96 | 6 230 61 |
| 1889 | 1,417 300.00 | 1,008,671.08 | 408.6 8.92 | 612,943.38 | .98 | 6,006 84 |
| 1890 | 1,509,609.00 | 1,064,944.92 | 444,664 08 | 666,996.12 | 1.04 | 6,936.75 |
| 1891 | 1,612,516.00 | 1,118,198.30 | 494,317.70 | | 1.07 | 5,281.19 |
| | | | | | | $34, 64.74 |

the offense: it is merely the opinion or conclusion of the affiant. It can not dispense with a statement of the constituent facts, which must be alleged. They are always indispensable—but the conclusion may be omitted. The facts descriptive of the crime must be alleged so that the accused may have notice of what he is to meet, and of the act done which it behooves him to controvert; and so that the court, applying the law to the facts charged against him, may see that a crime has been committed. (Lamberton v. The State, 11 O., 282, 284.)

The averment in the affidavit that the language is "unfit for allegation -herein", may excuse a failure to set forth every word of the language used; but in such case the word or words omitted should be described with sufficient particularity. 14 Ency. Pl. & Pr., 1157.

It is not always necessary to set forth in the charge, the language in haec verba; often this would be impracticable, if not impossible. Too great strictness should not be required. But enough of the language used should be set forth and such other proper allegations as are necessary to show that a crime has been committed. Anything less than this in an affidavit or indictment, renders it fatally defective in crminial prosecutions for using or uttering obscene or licentious language or for libel or profane swearing. As to obscene language, vide, 14 Ecy. Pl. & Pr., 1156, 1159; Lewdness, 13 Ency. Pl. & Pr., 20; Profane swearing, 16 Ecy. Pl. & Pr., 1080. As to indictments, informations and complaints generally, see 10 Ency. Pl. & Pr., 472, et seq., 481, 483 and 487. Dillingham v. The State, 5 Ohio St., 280; Poage v. The State, 3 Ohio St., 234, 235.

As the affidavit fails legally to charge an offense, the judgment of the police court, on its face, is clearly erroneous, and should be reversed. Pope v. The City of Cincinnati, 3 C. C., 497; Little v. The State, 8 C. C, 51; Davis v. The State, 19 Ohio St., 270; Geiger v. The State, 5 C. C., 283.

Judgment reversed at cost of defendant in error, and plaintiff in error discharged. (Revised Statutes section 7360).