Nicholas, J. (orally).
This case was submitted to the court upon a demurrer to the indictment. The indictment charges that the defendant “unlawfully, willfully and maliciously did administer to a certain pony, of the value of fifty dollars, the property of Albert Pugh, a large quantity of a certain poison and drug called paris green, with intent then and there and thereby i¿ie aforesaid pony to destroy,” etc.
I am' satisfied that the Supreme Court has taken the view that the word “horse” is used in the- statute (Section 6850) in its generic sense. In investigating the matter, I went back to the 35 Ohio State, page 268, the ITagar ease, decided by Judge Okey; that is the store-room and store-house case. I think that case, together with the old Poage case, in the 3 Ohio State, page 229, will make this matter clear to all of us.
In the case in the 35 Ohio State, page 268, the syllabus reads:
“An indictment charging that the prisoner broke into a storeroom, is insufficient under a statute making it an offense to break into a ‘store-house’; and the defect is available to him, although the objection was not made until the verdict had been rendered.”
*248 The word “store-room” does not appear in that statute, but the word “store-house” does. Judge Okey says:
‘ ‘ In charging an offense in an indictment, it is not good practice to omit the words of the statute which define the crime. The safer course- is to employ them; and, while this is not always indispensable to the validity of the indictment, it is clear that if they are omitted the defect will be fatal, unless the words used are the precise equivalent of the words of the act, or, at least, plainly and necessarily include them.”
Now, that is the gist and substance of the decision. He cites the case of Poage v. Stale, 3 Ohio St., 229, and says:
“From this it is not to be’inferred that an indictment which simply pursues the language of the statute is sufficient, for in many cases something more is required.
“Here the prisoner was charged with breaking into a storeroom, while the only structures of that general character specified in the statute are ‘store-house’ and ‘warehouse.’ But a store-room is not necessarily either a store-house or warehouse.
“The indictment is insufficient, and the defect is- not one of form but of substance; hence, the objection is fatal; though not made until the verdict had been rendered.
“The safer course is to employ the language of the statute; and while this is not always indispensable to the validity of the indictment, it is clear that if they are omitted the defect will be fatal, unless the words used are the precise equivalent of the words of the act, or, at least, plainly and necessarily include them. ’ ’
Now, the question comes: Is the word “pony,” as used in this indictment, either the exact equivalent of the word “horse,” or is the word “pony” included in the language of the statute?
Ás I say, I think the Poage case will help us out. I read from the decision, at page 234:
“The point that the indictment is defective because it does not employ the precise words of the statute, is countenanced by highly respectable authorities, but there is perhaps an equal weight of authority against it, and it is certainly opposed to the current of Ohio decisions.”
This is one of Judge Thurman’s decisions.
“All the elements necessary to constitute the crime must be averred; in other words, the case must be clearly brought within *249 the statute. To do this, it is generally necessary to use the words of the statute. There is great danger in employing what are supposed to be convertible terms. Nevertheless, the precise words are not always indispensable. The rule was thus stated by Judge Hitchcock, in Lougee v. State, 11 O. S., 69: ‘The offense itself should be so described as to bring it substantially within the provisions of the statute.’
“In Lamberton v. State, 11 O., 282, an indictment which merely used the words of the statute was held, in that particular instance, to be too uncertain; because of the generality of its' terms. The court thought that the particular act complained if, and which was included in the general words of description in • the statute, should be set forth; and, in illustration of their views, said:
“ ‘It (the indictment) is as general as would be an indictment for forgery, which follows merely the words of the statute, without specifying any act constituting the crime, or an indictment for perjury, which only set forth that a party swore falsely, knowing to the contrary, without setting forth what matters he stated to be facts, -and falsifying them.’ ”
Judge Thurman is now speaking for himself:
“Now, certainly, an indictment that simply charged a forgery of a ‘contract for the payment of money,’ without further description, would be bad.”
Although that is the language of the statute—“ contract for the payment of money.”
“The forged instrument must be set -forth ‘in haec verba,’ that the court may see, by an inspection of the indictment, that it is an instrument which is the subject of forgery; and where it is so set forth, and appears to be an indorsement of a promissory note, the indictment is none the less certain because the instrument is called by its specific name, an indorsement, than it would be if the more general description, ‘a contract for the payment of money,’ were used; indeed, it-is more certain.”
In the light of these authorities, my idea is that -the description in this indictment, using the word “pony,” brings it within the purview of the statute, because of the reasoning of the court; that it is not absolutely essential that the words of the statute should be used, but the language used must be either its equivalent, or it must be embraced within that language.
*250 Now going back to the old 3 Ohio State, upon which. Judge Okey relied particularly: where the description of the instrument was ah indorsement on a promissory note, the court there held that that came within the description spoken of in the statute as “a contract for the payment of money”; and I think, in the light of these decisions, this indictment should stand, and an exception will be allowed.