*279 OPINION of the Court, by
Judge Owsmy.
This is an appeal from the county court of Cumberland, changing a road so as to run through the lands of Thurman. Upon the application of Thurman, a writ of ad quod damnum was sued out, and by tfye inquest of the jury *280 g 172 75 cents was reported as the damages he would sustain by the road passing through his land; and the court being of opinion the road ought to be altered, made an order to that effect, but to depend however upon the con(fttion that Emmerson would within nine months pay 1° Thurman the amount of the damages assessed by the jury*
rphe correctness of the order of the county court turns exclusively upon the power of that court to make the alteration of the road depend upon a future contingency : for if they may do so, it is impossible that it can be material whether it is made to depend upon the payment by the appellee of the damages assessed, or in any other way whatever. For although the law requires where damages are assessed, that the court establishing a road shall levy the damages on the county, that provision is directory only, and should not be so construed as to preclude the court, where it may be proper under the peculiar circumstances of the case to do so, to require as a condition upon which the road is to be established, the payment of the damages by the applicant.
That the order establishing a road need not be absolute, but may be made to depend upon a future contingency, was decided by this court in the case of M’Ilvoy vs. Speed, (ante 85) and that decision we are still of opinion accords perfectly with the provisions of the law under which proceedings of this nature are had.
The order of the county court must therefore be affirmed with costs.