[Filed January 5, 1888.]

## S. R. HAMMER, APPELLANT, v. POLK COUNTY, RESPONDENT.

APPEAL FROM ASSESSMENT OF DAMAGES— WHEN IT LIES.— Under section 4069 of Hill's Code, an appeal lies to the Circuit Court from the assessment of damages, within twenty days after the report is adopted by the County Court.

ORDER OF COUNTY COURT— EFFECT THEREOF.— The legal effect of the order of the County Court adopting the report, but refusing to establish the road as a public highway, unless the petitioners first paid the damages, was to declare in effect that such road was not of sufficient public utility to require the county to pay such damages.

REASONABLE TIME— COMPLIANCE BY PETITIONERS.— After the making of such order the petitioners had a reasonable time within which to comply, but the appellant's right of appeal was in no way dependent thereon.

APPEAL from Polk County.    Reversed.

*Warren Truitt, W. M. Kaiser,* and *Seth R. Hammer,* for. Appellant.

*G. W. Belt, J. J. Daly,* and *N. L. Butler,* for Respondent.

STRAHAN, J. — On the 5th of January, 1887, Orlando Alderman and others duly filed their petition in the County Court of Polk County for the location of a certain county road.    Viewers were thereupon appointed, who caused said road to be surveyed and marked out, and reported in favor of the location and establishment thereof.    Within the time allowed by law, and before the establishment of said road, the appellant, as administrator of the estate of Sarah L. Stipp, filed a petition for damages caused by the location of said proposed road through the lands of his intestate, and upon said petition the court appointed three disinterested householders to examine the premises, and report how much less valuable they would be rendered by reason of the location·of said proposed road.    On the eighth day of March, 1887, they filed their report, by which they found no damage to the lands of appellant's intestate; but that the land of said estate, through which said road was proposed to be located, was of the value of fifteen dollars per acre.    On the ninth day of March, 1887, the County Court of Polk County entered an order, in effect, finding that the damages to the estate of Sarah L. Stipp, or her heirs, was forty-five dollars, and to H. Holden forty-five dollars, making total damages ninety dollars; and the court considering thereof, it was ordered that said report be accepted, and in all things approved, and that when the petitioners pay into the court the sum of ninety dollars as assessed, said road shall be declared a public highway, and fully established as such.    Within twenty days from the approval of this report the appellant appealed therefrom, and from the order approving same, to the Circuit Court of Polk County, and on the eleventh day of May, 1887, said court, on motion of the respondent, dismissed said appeal, "for the reason that said court had no jurisdiction of the subject-matter ·of said pretended

appeal," and gave final judgment in favor of respondent, from which judgment this appeal is taken. Upon the argument here, counsel for the respondent claimed that the appeal from the County Court was prematurely brought; that an appeal in such case would only lie within twenty days after an order had been made, locating and establishing said road. The question depends upon the construction of section 4069 of Hill's Code, which is as follows : —

"Section 4069. Any complainant who may conceive himself aggrieved by the assessment of damages as prescribed by the last two sections, may, within twenty days after such report is adopted by the court, appeal therefrom to the Circuit Court of the proper county. Such appeal shall be taken to the Circuit Court in the same manner as appeals from justices of the peace, and if the appellant shall fail to recover a judgment more favorable than the report appealed from, he shall pay all costs of the appeal."

This section gives the right of appeal to the party "who may conceive himself aggrieved by the assessment of damages, to be exercised within twenty days after such *report is adopted.*" The appeal is practically from the assessment of damages, and its design was to furnish an aggrieved party with a cheap, easy, and expeditious remedy in case the estimate of the viewers proved unsatisfactory to him. The legal effect of the order made by the County Court of Polk County was to declare that the proposed road was not of sufficient importance to the public to cause the damages to be paid by the county, and to give notice to the petitioners that the court would refuse to establish the road as a public highway, unless the damages should be paid by them. This order the court was authorized to make by section 4068 of Hill's Code (*Thurman* v. *Emmerson*, 4 Bibb, 279), and within a reasonable time the petitioners had the right to comply with it, and in each case appeal lies. (*McNichols* v. *Wilson*, 12 Iowa, 385.)

The court might have refused to establish the road as a public highway as long as the proceedings to assess damages were pending on appeal; but the record discloses that pending the appeal

the petitioners paid the damages assessed, and the County Court established the road.   But these proceedings in no way affected appellant's right to prosecute his appeal, and to have a jury pass upon the amount of his damages.

The judgment dismissing the appeal will be reversed, and the cause remanded to the court below for trial, or such other proceedings as may be proper.