[Argued November 7, 1892; decided November 21, 1892.]

## AUGUSTA B. LEADER *v.* MULTNOMAH COUNTY.

[ S..C. 31 Pac. Rep. 481.]

APPEAL FROM COUNTY COURT—LOCATING ROAD.—A county court in locating and establishing highways, is transacting county business, and its proceedings can be reviewed only by a writ of review: Code, § 902.

IDEM—SECTIONS 902, 4069.—Section 4069 giving to any complainant who may conceive himself aggrieved by the assessment of damages by the county court in locating a road the right to appeal therefrom to the circuit court, modifies section 902 only to the extent of allowing an appeal from the order of the county court adopting and approving the report of the appraisers; it does not allow an appeal from the entire proceedings in locating the road, hence on such an appeal no questions of petition or notice can be considered.

Multnomah County: E. D. SHATTUCK, Judge.

Plaintiff appeals.   Affirmed.

*Victor K. Strode*, for Appellant.

*John H. Hall*, for Respondent.

BEAN, J.—This is an appeal from a judgment of the circuit court of Multnomah County rendered against the appellant for costs on an appeal taken by her from the assessment of damages by the county court in the matter of the location and establishment of a county road over and across her premises.   There is no bill of exceptions in the record, nor does the appellant claim that any errors were committed by the trial court, but she insists that the proceedings of the county court in the matter of the location of the proposed road are void for want of jurisdiction, because no sufficient petition for the location of the road was filed or notice given, and consequently argues that the circuit court had no jurisdiction to render the judgment appealed from.

We do not think the question can be raised or considered on this appeal.   By the statute, the proceedings of the county court in the transaction of county business, can be reviewed only upon a writ of review: Code, sec.

902; and this is an attempt by an appeal to review the proceedings of that court in the location and establishment of a county road, which is the transaction of county business, and is therefore prohibited by the section of the statute referred to. Section 4069, which gives to any complainant who may conceive himself aggrieved by the assessment of damages by the county court in the location of a county road the right to appeal therefrom to the circuit court, only modifies or affects the provisions of section 902, so as to allow such an appeal to be taken from the order of the county court adopting and approving the report of the appraisers, and not from the entire proceedings in the location of the road. The language of the statute is that the complainant "may, within twenty days after such report (of the appraisers) is adopted by the court, appeal therefrom to the circuit court of the proper county." Now, manifestly, this can only mean, that such appeal is to be taken from the order of the county court adopting the report of the persons appointed to assess the damages, and in no way brings up for consideration any other question arising in the location of the road. The only question the circuit court can try on such an appeal is one of damages; and on an appeal from the judgment of the circuit court to this court, we can only consider such errors appearing of record, as may have been committed by the trial courts in the trial of that question.

It is urged, however, that the question of the jurisdiction of the court can be raised at any stage of the proceedings. As a general rule this is true. But in this case the jurisdiction of the circuit court did not depend upon the regularity of the proceedings of the county court in locating the road, but only on the fact that the appellant conceived herself aggrieved by the disposition made by that court of her claim for damages, and from which she had regularly appealed.

The judgment is therefore affirmed.