THE FLORENCE, EL DORADO & WALNUT VALLEY RAIL-
ROAD COMPANY v. JOSEPH C. LILLEY *et al.*

No. 100.

1. EMINENT DOMAIN—*How the Right May Be Used.* A condemnation proceeding can be instituted under the right of eminent domain only to subject the private property of one owner to the public use of another and to award the compensation therefor. It cannot be instituted by a corporation to quiet its title to land it claims already to own; nor can it be instituted for the purpose of compelling a specific performance of a contract already entered into between the corporation and others.

2. ———— *Case Followed.* The case of *St. L. L. & D. Rld. Co. v. Wilder*, 17 Kan. 239, cited and followed as to the judgment to be rendered by the district court upon an appeal from the award of the commissioners appointed in condemnation proceedings.

MEMORANDUM.—Error from Marion district court; FRANK DOSTER, judge. Action by Joseph C. Lilley and others, partners as J. C. Lilley & Co., against The Florence, El Dorado & Walnut Valley Railroad Company, on appeal from an award in condemnation proceedings. Judgment for plaintiffs. Defendant brings the case to this court. Modified. The opinion herein was filed February 6, 1896.

The statement of the case, as made by DENNISON, J., is as follows:

On February 10, 1890, the plaintiff in error instituted proceedings to condemn certain additional lands along the original right of way of its railroad at Burns station, in Marion county, Kansas, claimed to be necessary for station grounds, depot and side-track purposes. The report of the commissioners appointed by the judge of the district court in said proceedings shows that they condemned the land demanded by the railroad company, and awarded as damages on account of such condemnation the sum of $1, and that

the name of the owner of the land was unknown. The report was duly ·filed and the amount of the award. was by said company paid into the county treasury for the owner. In due time Joseph C. Lilley and· John Lilley, as copartners doing business under the firm name of J. C. Lilley & Co., filed a bond appealing from the amount of damages as allowed by said commissioners. The appellants were required by the court to file a petition setting out their cause of action against the railroad company, which they did, and in said petition they set up that they were the owners in fee and in actual possession of the land condemned and other lands adjoining thereto ; that they had made lasting and valuable improvements upon said land along and adjacent to the line of said defendant's said railroad, to wit : A hay barn and hay-press room, an engine-room, a coal-house, and office building, two wells, a set of scales, and other buildings and improvements, all of which were peculiarly adapted and arranged for the purpose of baling and loading and shipping hay and other products over said railroad, and were located at a convenient distance from the track of said railroad for the aforesaid purposes, and at the time before mentioned said plaintiffs were actually engaged, and had been engaged for more than a year prior thereto, in the business of baling and shipping hay and other products on said premises, and had valuable machinery consisting of a steam-engine and boiler and hay-press in said buildings suitable for and actually used in said business. They also set up the condemnation proceedings, and alleged that the fair value of the property taken and the damage to their other property was $3,500.

The railroad company filed an answer in which it denied generally the allegations of the petition. It

then alleged that it had been in the possession of the land since 1882 under an oral contract with one Strotkampf, who contracted for himself and as the agent of one Werry, who were then the owners of said land, in which they agreed for various considerations to give, sell, convey and grant to it the land sought to be condemned; that it took possession of said land under said agreement and erected lasting and valuable improvements thereon, and has remained in the possession thereof up to the present time, either personally or by its tenants, J. C. Lilley & Co.; that said Strotkampf attempted to convey to said railroad company by deed his interest in said land; that said railroad company has paid, and Strotkampf and Werry have received, the consideration for said grant, sale and conveyance of said land to it, and that it was during the year 1882 and ever since has been and now is the real and true owner of said land; that as such owner it did, on August 29, 1888, lease a portion of said land to the plaintiffs; that, as its documentary evidence of title to said land which it received from said Strotkampf and Werry was not perfect, it instituted these condemnation proceedings, by which the land was condemned for its use. All of this answer, except the general denial, was stricken out by the court. The plaintiffs replied with a general denial. The plaintiffs asked and obtained leave of the court to amend the petition and appeal bond by adding the name of Charles I. White as one of the members of the firm of J. C. Lilley & Co. They also asked and obtained leave of the court to amend their reply by alleging that they executed the lease with the railroad company upon the faith of its false and fraudulent representations, and under the mistaken belief that said railroad company did own the premises leased;

that they learned that it did not own said premises, and that it admitted that it did not own said premises, and that they served notice upon it to cancel the lease.   The defendant amended its answer, and set up that the plaintiffs did not own the land at the time of said condemnation nor thereafter, and were not entitled to receive the award or any part thereof, or to prosecute the appeal.   It also set up largely the same state of facts which were stricken from its former answer, and they were again stricken out.   Upon the trial, the plaintiffs showed deeds from the Atchison, Topeka & Santa Fe Railroad Company, in which original title is admitted, to Strotkampf and Werry, and from Strotkampf to Werry, and from Werry to J. C. Lilley & Co.

This is a very brief statement of the facts shown by the record, but it is probably sufficient to show upon what this opinion is predicated.   The jury returned a verdict for the plaintiffs, assessing the amount of their recovery at the sum of $1,675, and judgment was rendered against the railroad company for that amount, and it brings the case here for review.

A. A. Hurd, and J. G. Egan, for plaintiff in error.
Keller & Dean, for defendants in error.

The opinion of the court was delivered by

DENNISON, J.: The major part of the errors complained of can be settled by a determination of the proposition of whether or not a railroad corporation can institute proceedings under the law of eminent domain for the purpose of having certain lands condemned for its use, and then, upon appeal by a person claiming to be the owner thereof, be heard to assert that it is the equitable owner of the land and entitled to the award.

This proceeding was instituted under the right of eminent domain — under the power to take private property for public use. To hold that a railroad company may ask the district court to use this power to condemn land for its use, and to have the value thereof and the damages awarded to the owner, and then be permitted to show that it is already the owner of said land and entitled to the award, would be to turn this proceeding into a farce and subject the district courts to ridicule. A condemnation proceeding under the right of eminent domain can be legally maintained only to subject the private property of one owner to the public use of another, and to award the compensation therefor. It cannot be instituted by a corporation to quiet its title to land it claims already to own, nor can it be instituted for the purpose of compelling a specific performance of a contract already entered into between a corporation and others.

Only one other assignment of error need be considered by us. The plaintiff in error contends that the court erred in entering a judgment against it — that it should have entered an award. The court should have entered a judgment against the railroad company for all costs. As to the amount found as the value of the real property taken and the damages to that not taken, no personal judgment should be rendered. The court should find such value and damages in the nature of an award. This question has been fully discussed in the case of *St. L. L. & D. Rld. Co. v. Wilder*, 17 Kan. 239. In that case it was held :

" On an appeal in the district court, in condemnation proceedings, it is error for the court to render an ordinary personal judgment against the railroad company for the damages assessed, to be collected by execution. The judgment for damages in such a case

should be in the nature of an award of damages, such as is made by the condemnation commissioners."

See also *St. J. & D. C. Rld. Co. v. Callender*, 13 Kan. 496; *Blackshire v. A. T. & S. F. Rld. Co.*, 13 id. 515; *L. & T. Rly. Co. v. Moore*, 24 id. 323; *K. C. E. & S. Rld. Co. v. Merrill*, 25 id. 422. In delivering the opinion of the court in *St. L. L. & D. Rld. Co. v. Wilder*, supra, Mr. Justice VALENTINE says:

"After the judgment is rendered in a case of this kind, then the railroad company may take the land or not, at its option. (*Blackshire v. A. T. & S. F. Rld. Co.*, 13 Kan. 515.) But until it pays for the land it gets no title. And if it does not pay for the land within the time prescribed by law, it may be ejected from the premises, provided, of course, that it has taken possession thereof. (*St. J. & D. C. Rld. Co. v. Callender*, 13 Kan. 496.) An owner of land would not want to take a judgment against an irresponsible and insolvent railroad company as payment for his land; nor would a railroad company want to pay an enormously excessive award of damages for its right of way. Therefore it is right that each should have some choice in the matter. Upon this question see authorities above cited, and *Gear v. Sioux City Rld. Co.* 20 Iowa, 523; *Stacey v. Vt. Cent. Rld. Co.*, 27 Vt. 39; *Evansville Rld. Co. v. Miller*, 30 Ind. 209."

The view we take of this case renders a consideration of the other assignments of error unnecessary. The case will be remanded to the district court, with orders to modify the judgment in accordance with the views expressed in this opinion. The costs in this court will be equally divided.

All the Judges concurring.