Decided 19 October, 1903; rehearing denied 8 February, 1904.

## McCALL v. MARION COUNTY.

[73 Pac. 1031, 75 Pac. 140.]

ESTABLISHING HIGHWAYS — NATURE OF APPEAL PROCEEDINGS.

1. An appeal to the circuit court from an assessment of damages in a proceeding brought to establish a public highway, taken under Section 4789, B. & C. Comp., brings up only the question of damages, and does not involve the regularity of any other matter.

METHOD OF TRYING HIGHWAY PROCEEDING ON APPEAL.

2. Where a statute provides only for an appeal from the decision of the county court in awarding damages in proceedings for the establishment of a highway, like Section 4789, B. & C. Comp., such appeal is tried as an action at law, the appellant being considered as the plaintiff and the county as the defendant, just as would have been the case had the landowner brought an original action in the circuit court for damages for the location of the road.

APPEAL TO CIRCUIT COURT — REMANDING TO COUNTY COURT.

3. Where an appeal is taken to the circuit court from an order of damages in highway establishment proceedings, such court has no jurisdiction, after trial, to remand the case to the county court for judgment, but is itself required to render such judgment as the parties are entitled to.

RIGHT OF APPEAL NOT DEPENDENT ON ESTABLISHMENT OF THE ROAD.

4. The right of appeal in highway opening proceedings given by B. & C. Comp. § 4789, is not dependent on the order of the county court directing the road to be opened or established as authorized by section 4788, but is dependent upon the giving of the judgment for damages.

ALLOWANCE OF COSTS ON APPEAL IN HIGHWAY PROCEEDING.

5. In view of Section 576, B. & C. Comp., providing that, in all actions prosecuted or defended in the name or for the use of any county, the latter shall be liable for and may recover costs in like manner and with like effect as in the case of natural persons, and section 4789 authorizing an appeal by a landowner from an assessment of damages in highway opening proceedings, and declaring that, if he fails to recover a more favorable judgment on appeal than the report appealed from, he shall pay all costs of the appeal, and considering that the trial on such an appeal is substantially a law proceeding, the costs and disbursements should correspondingly abide the result.

CONDEMNATION FOR PUBLIC ROAD — FORM OF JUDGMENT.

6. The purpose of a judgment in condemnation proceedings, as, for a public road, is to judicially fix the amount to be paid for the taking of the required property, and no personal judgment should be entered, so far as the award is concerned.

From Marion : GEORGE H. BURNETT, Judge.

During the year 1902, proceedings were instituted in the county court of Marion County for the location and establishment of a county road across the lands of Samuel A. McCall and wife, the appellants. At the proper time they filed a claim for damages in the sum of $1,105.18, and

the county court thereupon appointed three disinterested householders to view the premises and assess the damages. The viewers reported that the appellants' premises would not be injured by the location or opening of the road. The report was approved by the county court, and an order made "that the said road be, and the same is hereby, established in accordance with the survey and plat submitted herein." Thereafter, and within the time allowed by law, the appellants appealed to the circuit court from the assessment of damages, and upon such appeal the jury returned a verdict finding "that the real property of the appellants would, by the establishment of the proposed county road described in the pleadings, be rendered less valuable in the sum of three hundred and eighty dollars." The appellants moved for judgment on the verdict and against the county, and for their costs and disbursements. This motion was overruled, and a judgment or order entered reciting "that appellants' premises will be rendered less valuable in the sum of $380 by the opening and establishment of the proposed road," remanding the cause to the county court "for such further proceedings as may be lawful and proper," and ordering and adjudging that neither party recover costs or disbursements. From this judgment the present appeal is taken by the McCalls.

Reversed.

For appellants there was a brief and an oral argument by *Mr. John A. Jeffrey* and *Mr. R. J. Fleming.*

For respondent there was a brief over the names of *Julius N. Hart*, District Attorney, and *John H. McNary*, with an oral argument by *Mr. Hart.*

Mr. Justice Bean, after stating the facts in the foregoing language, delivered the opinion of the court.

1. If any person, through whose lands any county road may be viewed and marked out, shall feel that he would

be injured by the opening of the road, he may make complaint thereof in writing to the county court at the time the report of the viewers is received. The county court is thereupon required to appoint three disinterested householders, who shall proceed to view the proposed road through the premises of the complainant, and assess and determine "how much less valuable such premises of the complainant would be rendered by the opening" of the road : B. & C. Comp. § 4787. If the county court is satisfied that the damages so assessed are just and equitable, and that the proposed road will be of sufficient importance to the public to cause the damages to be paid by the county, it shall order the same to be paid to the complainant out of the treasury. If, in the opinion of the court, however, such proposed road is not of sufficient importance to the public to cause the damages to be paid by the county, it may refuse to establish the same as a highway unless the damages, or such part thereof as the court may think proper, shall be paid by the petitioners : B. & C. Comp. § 4788. If the claimant conceives himself aggrieved by the assessment as made by the viewers and the county court, he may appeal therefrom to the circuit court. Such appeal shall be taken "in the same manner as appeals from justices of the peace, and if the appellant shall fail to recover a judgment more favorable than the report appealed from, he shall pay all costs of the appeal ": B. & C. Comp. § 4789. An appeal to the circuit court from the assessment of damages, in proceedings for the establishment of a county road, under the statutes referred to, merely brings up the question of damages, and does not involve the regularity of any of the other proceedings : *Hammer* v. *Polk County*, 15 Or. 578 (16 Pac. 420); *Fanning* v. *Gilliland*, 37 Or. 369 (61 Pac. 636, 62 Pac. 209, 82 Am. St. Rep. 758). It does not affect the right of the county court to locate and establish the road, or chal-

lenge its regularity.   The sole question to be tried is the amount of damages, if any, the claimant will sustain.

2. The statute makes no provision as to the mode by which that question shall be tried on the appeal, and there-fore the rules of practice and procedure which prevail in ordinary actions at law must be the guide: Elliott, Roads & Streets (2 ed.), § 362.   The reasonable presumption is that when the legislature gave the right of appeal, and made no provision for the procedure thereon, it meant that the practice in ordinary actions and proceedings in the circuit court should apply.   The cause on appeal must be tried as an ordinary action at law, without formal plead-ings, however, and must necessarily result in a judgment either for or against the appellant.

3. There is no statute authorizing the circuit court, after it has determined the amount of damages which the landowner will sustain, to remand the cause to the county court; and, without some provision to that effect, it has no authority to do so.   It must proceed to try the case and render judgment therein as in any other action.   The ap-pellant, who seeks for a greater amount of damages than that awarded him in the county court, may very properly be regarded as the plaintiff in the circuit court, and the county as the defendant.   This has generally been recog-nized as the proper mode of treating the parties on appeal.   After the appeal is taken, the matter stands for trial in the circuit court the same as if the appellant had brought an action therein against the county to recover damages for the location of a county road on his premises, and is to be tried and determined under the same practice and rules of procedure.

4. What effect the judgment of the circuit court may have, in addition to establishing the amount of damages to which the appellant is entitled, and whether the pay-ment thereof can be avoided by the refusal of the county

court to open the road, are questions which it is not necessary to consider here. The statute provides the remedy, and the landowner's right to appeal from the assessment of damages is in no way dependent upon the order of the county court opening or establishing the road : *Hammer* v. *Polk County*, 15 Or. 578 (16 Pac. 420); *McNichols* v. *Wilson*, 42 Iowa, 385.

5. We are of the opinion, also, that, under the statute, if the appellant recovers a judgment on the appeal more favorable than the report appealed from, he is entitled to his costs and disbursements. As we have already said, the proceedings on appeal become in effect an action at law by the landowner against the county to recover damages for the taking of his property for a county road, and the statute provides that, in all actions or suits prosecuted or defended in the name and for the use of any county, the county shall be liable for and may recover costs in like manner and with like effect as in the case of natural persons : B. & C. Comp. § 576. Where a special proceeding for the condemnation of land for public purposes is provided by statute, and no provision made for the recovery of costs, they cannot be awarded : *Wisconsin Cent. R. Co.* v. *Kneale*, 79 Wis. 89 (48 N. W. 248); *Cornish* v. *Milwaukee & L. W. R. Co.* 60 Wis. 476 (19 N. W. 443); *Hampshire & H. Canal Co.* v. *Ashley*, 15 Pick. 496. But where the questions involved must be tried out as in ordinary actions, the general laws on the subject of costs will prevail, except as otherwise specially provided. Now, there is no special provision for ascertaining on appeal from the county court the damages that should be awarded to a landowner as a consequence of the location of a county road over his land. That must be determined the same as any other question of fact in an action at law, and, if the appellant prevails on the appeal, he is entitled to his costs. It follows from these views that the judgment of the court below must be reversed,

and the cause remanded, with directions to render judgment on the verdict in favor of the appellants and against the county for the amount thereof, and for their costs and disbursements.                                   Reversed.

## On Motion for Rehearing.

Mr. Justice Bean delivered the opinion of the court.

Question is made as to the form of the judgment which should be entered against a county on an appeal from an assessment of damages in the matter of the location of a county road. Attention is called to some expressions in the opinion, from which it is inferred that the court intended that a judgment *in personam* should be entered. The taking of private property, without the consent of the owner, for a county road, is by virtue of the power of eminent domain. The proceedings for that purpose are by analogy the same so far as it affects the form of the judgment as an action by any other corporation authorized to exercise the power. Its purpose is simply to ascertain and fix judicially the amount which the county should pay as a just compensation in order for it to be entitled to take the property for a county road, and no personal judgment should be entered against it for the amount of the award. The judgment against the county or other corporation in all condemnation proceedings is simply to adjudicate that the amount found due and assessed is a just compensation to be paid by the corporation for the property sought to be condemned, and should be so entered : *Oregonian R. Co.* v. *Hill,* 9 Or. 377; *Oregon R. Co.* v. *Bridwell,* 11 Or. 282 (3 Pac. 684); *Florence, El. D. & W. V. R. Co.* v. *Lilley,* 3 Kan. App. 588 (43 Pac. 857); *City of Bloomington* v. *Miller,* 84 Ill. 621. The petition is denied.                    Rehearing Denied.