Argued 14 January, decided 1 February, 1904.

## KERNS *v.* LEE.

[75 Pac. 140.]

TRIAL BY JUDGE—EFFECT OF NOT ENTERING FINDINGS.

1. The failure of the clerk to enter in the journal, as directed by B. & C. Comp. § 158, the findings and conclusions of the judge before whom a law action has been tried without a jury, does not affect any substantial right of the defeated party.

NUNC PRO TUNC ORDER AFTER CLOSE OF TERM.

2. Even after the close of the term during which findings have been filed, and after the lapse of the time allowed by B. & C. Comp. § 158, beyond the term for filing them, the court may direct their entry in the journal.

From Klamath: HENRY L. BENSON, Judge.

Action by B. S. Kerns against J. P. Lee, resulting in a judgment for defendant, from which plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Wm. M. Kaiser* and *Woodson T. Slater*, with an oral argument by *Mr. Slater*.

For respondent there was a brief and an oral argument by *Mr. F. H. Mills*.

MR. JUSTICE BEAN delivered the opinion.

This is an action of ejectment. The complaint is in the usual form. The answer denies the material allegations thereof, and sets up title in fee in the defendant. The reply places in issue the new matter alleged in the answer, and on April 9, 1903, a trial was had before the court without the intervention of a jury, and judgment rendered in favor of the defendant. An appeal was taken by the

plaintiff. The judgment roll was lost or misplaced, and, on motion of the appellant, copies of the complaint, answer, and reply were ordered to be filed and used instead of the original pleadings, and certified copies of the substituted pleadings were filed in this court, with the certificate of the clerk of the court below annexed that "no verdict of a jury or any findings were made or filed" in the cause. The defendant's attention being called to the condition of the transcript, he moved the court below, upon affidavits and notice, for an order supplying the lost findings of fact and conclusions of law, averring that such findings were made and filed. Upon the hearing, an order was made as prayed for, and copies of the substituted findings and conclusions of law were subsequently sent up by order of this court as part of the record. Thereafter, and before the hearing, the original findings of fact and conclusions of law were found. On motion of the defendant a rule was made on the clerk of the court below to certify up such findings and conclusions as part of the transcript, which was done accordingly. The errors assigned on the appeal are (1) that it does not appear affirmatively that a jury trial was waived; (2) that no findings of fact or conclusions of law were made or filed in the court below; and (3) that the judgment as rendered is not supported by the findings of fact. These assignments of error are based upon the theory that no record of the waiver of a jury trial was made, and that no findings of fact or conclusions of law were made or filed in the court below. Such, no doubt, was the understanding of counsel who took the appeal, who did not appear at the trial, and knew nothing about the matter, except what was shown by the record and the certificate of the clerk. The subsequent discovery of the original record and the certified copy of the findings of fact and conclusions of law, however, discloses that this was a mistake, and that findings of fact and conclusions of law, which

counsel frankly admitted at the hearing were sufficient to sustain the judgment, were actually made and filed. The ground of the appeal, therefore, fails, and the judgment must be affirmed.

1. That the findings of fact and conclusions of law were not entered in the record as required by the statute does not affect any substantial right of the defendant, and is no ground for a reversal of the judgment.

2. The attention of the trial court does not seem to have been called to the omission, and it is yet within its power to direct their entry in the record. The judgment is affirmed.　　　　　　　　　　　　Affirmed.