Decided 17 July, 1906

## MILLER v. UNION COUNTY.

86 Pac. 3.

ESTABLISHMENT OF HIGHWAYS—ADOPTION OF REPORT OF VIEWERS.

1. Under a statute directing that the report of viewers appointed to lay out a proposed county road and assess the resulting damages shall be "adopted" by the county court (Laws 1903, pp. 262, 267, § 15), an order that the report be "approved" is sufficient, as the two words are practically synonyms.

ESTABLISHING HIGHWAYS—FINALITY OF ORDER ASSESSING DAMAGES.

2. Under a statute providing for a board to assess the damages resulting from the opening of a proposed county road, and giving the county court power to order the damages paid by the county or by the petitioners, and to order the road opened (Laws 1903, pp. 262, 264, § 11), the order assessing the damages is a final order that may be appealed from, though the order declaring the road a public highway may not be entered until later.

From Union: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE MOORE.

This is a claim for damages which it is asserted the owner of certain real property will sustain if a public road is established across his premises. Dillie Randall and others petitioned the county court of Union County to lay out a county road therein, and, having complied with all the jurisdictional requirements, the board of county road viewers were ordered to meet at a time and place specified, and view, survey and lay out a road on the line designated. This order was obeyed, and the board on August 2, 1905, filed their report, recommending that the prayer of the petition be granted, and also finding that by the location of the proposed road the premises of the plaintiff, George Miller, would be rendered less valuable in the sum of $100, from which award he appealed to the county court. The report of the board was publicly read on two different days of the same session, in which it was filed, and the matter was continued for the term. This report was, on September 8, 1905, approved as to the damages to the premises of the plaintiff and the papers in the cause were referred to the district attorney. The matter was thereupon further continued from term to term until January 5, 1906, when it was ordered by the county court that the road as surveyed be declared a public highway, upon the petitioners paying to the county clerk for Miller the sum

of $100. Seventeen days thereafter the plaintiff served and filed
a notice of appeal and gave a proper undertaking therefor, and
the transcript having been sent up to the circuit court for that
county, the appeal was dismissed, and he appeals from such
judgment to this court.                         AFFIRMED.

For appellant there was a brief and an oral argument by *Mr.
Charles H. Finn.*

For respondent there was a brief over the names of *Clarence
H. Crawford,* District Attorney, and *J. D. Slater,* with an oral
argument by Mr. *Robert Jay Slater.*

MR. JUSTICE MOORE delivered the opinion of the court.

The question to be considered is whether or not the order of
the county court of September 8, 1905, approving the report
of the board of county road viewers as to plaintiff's claim for
damages was a final judgment. The statute prescribing the
method of establishing county roads provides, in effect, that it
shall be the duty of the county court, on receiving the report
of the board of county road viewers, to cause the same to be
read publicly on two different days of the same term, and if no
petition for damages be filed, and the court is satisfied that
such road will be of public utility, the report of the viewers
being favorable thereto, they shall cause the report, etc., to be
recorded, and from thenceforth such road shall be considered a
public highway: Laws 1903, pp. 262, 264, § 11. The viewers,
while laying out county roads, are required to assess and deter-
mine how much less valuable the premises through which a
road is to be located will be rendered by opening the same as a
highway and set forth such estimate in their report, which shall
be considered as the true measure of damages in such cases,
provided that any person feeling aggrieved by such assessment
may appeal to the county court, and also from the decision of
such court to the circuit court: Laws 1903, pp. 262, 267, § 13.
If the county court is satisfied that the amount of damages so
assessed is just and equitable, and that the proposed road will
be of sufficient importance to the public to cause the damages
so assessed and determined to be paid by the county, the court

shall order the same paid to the complainant out of the county treasury; but if, in the opinion of the court, such proposed road is not of sufficient importance to the public to cause the damages to be paid to (by) the county, the court may refuse to establish the same as a public highway, unless the expense or damages or some part thereof, as the court may think proper, shall be paid by the petitioners: Laws 1903, pp. 262, 267, § 14. Any complainant who may conceive himself aggrieved by the assessment of damages as prescribed by the last two sections may, within 20 days after such report is adopted by the court, appeal therefrom to the circuit court of the proper county: Laws 1903, pp. 262, 267, § 15. It shall be the duty of the county court, before any proposed county road is finally established and ordered open, to submit all the files and records of the proceedings had therein to the district attorney of that county for inspection, whose duty it shall be to advise the county court as to the legality of the proceedings: Laws 1903, pp. 262, 285, § 78.

It is argued by plaintiff's counsel that, construing these provisions together, all matters relating to the location of a county road are *in fieri* until the highway is declared established, and that an order made by a county court prior thereto in respect to the assessment of damages is only a step in the proceedings and therefore not final. In construing the provisions of an earlier statute of similar import, it was ruled that an appeal to the circuit court from the assessment of damages in road matters brought up only the question of the injury sustained by the opening of a highway through a person's premises, and did not involve the regularity of the other proceedings: *Fanning* v. *Gilliland,* 37 Or. 369 (61 Pac. 636, 62 Pac. 209, 82 Am. St. Rep. 758); *McCall* v. *Marion County,* 43 Or. 536 (73 Pac. 1031, 75 Pac. 140). In *Hammer* v. *Polk County,* 15 Or. 578 (16 Pac. 420), a proposed county road having been surveyed across certain lands, a claim for damages in consequence thereof was filed, whereupon the county court, pursuant to the law then in force, appointed three householders to examine the premises and report how much less valuable they would be rendered by

reason of the location of the road. The persons so appointed performed the duty devolving upon them, and filed their report to the effect that the premises in question were not damaged, but that the land through which the road was proposed to be located was of the value of $15 per acre. The county court thereupon found that the damages to such land was $45, accepted and approved the report, and ordered that upon the payment by the petitioners of the sum so awarded such road should be declared a public highway. Within 20 days from the making of the order approving the report, the claimant appealed therefrom to the circuit court, which dismissed the appeal on the ground that the order referred to was not final, and from such judgment the claimant appealed to this court. In deciding the case it was held that an appeal would lie from an order determining the amount of damages, if taken within 20 days after the report of the householders was adopted. Mr. Justice STRAHAN, speaking for the court in construing a provision of the statute identical with Section 15 of the Laws of 1903, hereinbefore adverted to, says: "The court might have refused to establish the road as a public highway as long as the proceedings to assess damages were pending on appeal; but the record discloses that pending the appeal the petitioners paid the damages assessed, and the county court established the road. But these proceedings in no way affected appellant's right to prosecute his appeal and to have a jury pass upon the amount of his damages."

Though an appeal lies from an assessment of damages as indicated, the action of a county court in establishing a county road can be re-examined only by a writ of review: *Leader* v. *Multnomah County,* 23 Or. 213 (31 Pac. 481). It will be seen that a reinvestigation of the question of an assessment of damages sustained by the laying out of a county road and of the establishing of a public highway is secured by adopting procedure essentially different, thereby preserving the distinction existing in these matters. Since the opinion in *Hammer* v. *Polk County,* 15 Or. 578 (16 Pac. 420), was announced, the statute has been amended so that a board of county road view-

ers, consisting of the county surveyor, the county roadmaster and one qualified freeholder, take the place of the viewers theretofore appointed and also perform the duties of the householders who prior thereto assessed the damages sustained by the opening of a road, if any compensation therefor were claimed: Laws 1903, pp. 262, 264, §§ 9, 10, 11. Under the former law, in case damages were claimed by any person through whose land a county road was marked out, two reports were made, to wit, the viewers' opinion as to the merits of the petition' and the householders' assessment of the damages sustained. The law now in force imposes on the board of county road viewers the duty to lay out all proposed roads, to assess and determine the damages which would result by the opening thereof, and to file with the county court their report, showing a performance of the service required. Because one report now takes the place of two under the former law, no reason can be perceived why the rule adopted in *Hammer* v. *Polk County* should not be controlling, when that part of the report relating to the damages assessed is adopted by the county court. The statute provides that any person who conceives himself aggrieved by the assessment of damages may appeal therefrom to the circuit court at any time within 20 days after the report of the board of county road viewers is adopted: Laws 1903, pp. 262, 267, § 15.

1. In the case at bar the county court made and entered in its records the following direction:

"It is ordered that the report of the board of road viewers, made and filed in said cause, as to the damages to the premises of George Miller, to wit, in the sum of one hundred dollars, be, and the same is, hereby approved."

It is maintained by plaintiff's counsel that, as the statute requires the report of the viewers to be "adopted," an order whereby it was "approved" is not a compliance with the requirements of law. To adopt means to approve: Webst. Int. Dic.; *Dallas* v. *Beeman*, 18 Tex. Civ. App. 335 (45 S. W. 626). These words being synonymous, the use of the latter term by the county court clearly expresses its intention and sufficiently conforms to the legal mandate.

2. The order of a county court adopting the report of the

board of county road viewers as to the damages which will result to a landowner if a proposed road surveyed through his premises is opened, though made before the road is declared a public highway, is an adjudication of the sum, if any, found to be due such owner; but it is not a determination as to whether the county or the petitioners shall pay the whole or any part thereof. The question as to who will be required to pay such award, where a preliminary order is made as to the damages, necessarily remains in abeyance until the report of the board of county road viewers, as to their opinion in favor of establishing such road, has been finally passed upon. If the report as to the damages is not acted upon by the county court until the inquiry is considered as to whether or not the proposed road shall be declared a public highway, and the latter question is determined in the negative, no necessity would exist for taking an appeal. Should this question be concluded in the affirmative, however, and damages are awarded, the payment of which is assumed by the county, the applicant for compensation might, on appeal, secure a much larger sum, thus imposing on the municipality a burden which it would not have undertaken in the first instance, if the county court could have known what the result would have been; for, the proposed road having been declared a public highway, the payment of the judgment would become imperative. When the county court adopts the report of the viewers as to the assessment of damages, but defers the consideration of the question as to whether or not the proposed county road shall be declared a public highway until the issue of damages has been finally determined, if the sum thus awarded could not be paid by the petitioners and was deemed too excessive to be borne by the county, the prayer of the petition for laying out the road could be denied, thereby avoiding the payment of any judgment for damages against the county and escaping the result of the adjudication by the payment of the costs and disbursements only, in case the appellant recovered a judgment more favorable than the report appealed from. These possible results induce the conclusion that a county court may adopt the report of a board of county road viewers, and that the assess-

ment of damages can be finally determined before the proposed county road is declared a public highway. Nor does the fact that a county court is required to submit to the district attorney all the files and records of the proceedings on a petition for the location of a proposed county road before it can be ordered open, alter the deduction that the preliminary question of the assessment of damages may be determined before the matter is so referred.

Believing that a fair construction of the provisions of the statute to which attention has been called warrants the determination that the order of the county court of September 8, 1905, approving the report of the board of county road viewers, so far as it related to the damages sustained by the plaintiff was final, it follows that, as no appeal was taken therefrom within the time prescribed, the judgment should be affirmed, and it is so ordered.                                    AFFIRMED.

---

Decided 17 July, rehearing denied 21 August, 1906.