Argued July 15, decided September 9, rehearing denied October 7, 1913.

Motion to Strike Out Plaintiff's Cost Bill, allowed October 7, 1913.

## OREGON R. & NAV. CO. *v.* TAFFE.

(134 Pac. 1024: 135 Pac. 332: 135 Pac. 515.)

**Eminent Domain—Judgment—Time for Entry.**

1. Section 6860, L. O. L., provides that condemnation proceedings shall proceed as an action at law, except as otherwise provided. Section 6865 provides that the property may be viewed, evidence heard, and the verdict of the jury given. Section 6866 provides that, upon payment into court of the damages assessed, judgment shall be entered appropriating the property. Section 6867 gives either party an appeal from the judgment entered therein. *Held*, that upon return of the verdict, the plaintiff is entitled to the entry of a judgment adjudicating the award as the amount to be paid before the property can be taken, though the amount awarded is not paid into court, so as to enable the plaintiff to appeal therefrom, and thereafter, when the damages have been paid, or paid into court, the judgment provided by section 6866 should be entered.

**Eminent Domain—Proceedings—Judgment—Necessity.**

2. A proceeding to condemn property for public use is an adversary proceeding and not an arbitration, and therefore all proceedings therein must be judicial, so that judicial confirmation of the award of the jury is necessary.

**Eminent Domain—Right to Discontinue Condemnation Proceedings.**

3. Proceedings to take property for public use may be abandoned at any time prior to the payment of the award.

  [As to the time at which a discontinuance of eminent domain proceedings may be ordered, see note in 86 Am. Dec. 199.]

**Eminent Domain—Measure of Compensation—Damage to Separate Tracts not Taken.**

4.  In assessing damages for property taken for public use, where the property was divided into town lots, damages could only be assessed for lots taken in whole or in part, in the absence of a showing that the lots not taken were used, in connection with those taken, for one purpose.

**Eminent Domain—Measure of Compensation—Special Value for Use for Which Taken.**

5.  In condemnation proceedings to secure a right of way for a railroad, the special value of the property for railroad purposes because of its location may be considered in assessing the damages, but not its value to the company condemning because of its necessity.

**Eminent Domain—Measure of Compensation—Separate Tracts.**

6.  As applied to condemnation for a right of way through land platted as a town site, all the lots of which are owned by defendant, the rule that if different tracts are used together as one property, or are adapted for such use, and are more valuable because of such adaptation, they should be treated as one property, with right to damages to the whole, otherwise as separate properties, with right to damages only for tracts taken in whole or in part, is logical and reasonable.

**Eminent Domain—Condemnation—Damages—Evidence.**

7.  Where defendant owned the lots of a platted town site, and plaintiff condemned some of them for a railroad right of way, there was no competent evidence of damage to any of the others; it being merely said in general terms that the railroad will obstruct the streets and prevent access to them, but facts as to how and to what extent any lot would be damaged not being shown.

**Appeal and Error—Review—Questions of Fact.**

8.  Admitting illegal evidence and instructing that it may be considered as an element of damage prevents application of Article VII, Section 3 of the Constitution, as amended (see Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise re-examined in any court unless it can affirmatively say there is no evidence to support the verdict.

**Eminent Domain—Condemnation—Costs on Appeal.**

9.  Article I, Section 18, and Article XI, Section 4, of the Constitution, to the effect that private property shall not be taken for public use without just compensation first assessed and tendered, entitles defendant in condemnation to his whole costs up to final adjudication of his damages, so that plaintiff's costs on appeal, on which it obtains a reversal, are not taxable against defendant.

From Wasco: WILLIAM L. BRADSHAW, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by the Oregon Railroad & Navigation Company, against I. H. Taffe, M. E. Taffe and

Celilo Improvement Company, and is brought under Chapter 1, Title 45, L. O. L. (Sections 6857–6871), to condemn a right of way adjacent to the line of plaintiff's railroad for the purpose of straightening its track at a point near Celilo, about 15 miles east of The Dalles, alleging the value of the property sought to be condemned at $750.

The answer admits the allegations of the complaint, except as to the value of the property to be taken and the damage resulting therefrom, and an issue is tendered thereon, alleging the value of the property to be $25,000 and the damage that will result to other property from the condemnation at $25,000, and asking that the compensation be allowed at $50,000. The trial resulted in a verdict in favor of the defendants, and assessing the compensation at the sum of $11,000. The plaintiff desiring to appeal from the assessment of damages, a controversy arose as to the form of judgment to be entered, and plaintiff tendered to the court a form of judgment, the particular part thereof about which the controversy centers providing:

"It is therefore considered, ordered, and adjudged that on the payment of the said sum of $11,000, with interest thereon from June 25, 1910, and the costs and disbursements of the defendants the following described real property be appropriated and condemned to the use of the plaintiff."

Defendant objected to such a form being entered, contending that no judgment can be rendered until the payment into court of the compensation assessed by the jury, under Section 6866, L. O. L.; plaintiff contending that such payment would bar the right of appeal which is given by Section 6867, L. O. L. The court refused to render the judgment requested by plaintiff, or any judgment, until the payment of the money into court, and as, without the entry of some

final judgment, no appeal would lie under Section 548, L. O. L., and the plaintiff desiring to review upon appeal the proceedings had at the trial, it procured a writ of *mandamus* to issue from this court, requiring the judge of the trial court to show cause why the same had not been entered. Upon demurrer to the return this court declined to decide in that proceeding what form of judgment should be rendered, but sustained the demurrer to the return, indicating that it was the duty of the Circuit Court to enter some final judgment in the action: *State ex rel. v. Bradshaw*, 59 Or. 279 (117 Pac. 284). Thereupon the Circuit Court denied plaintiff's motion to enter the judgment requested, and dismissed the action because the money had not been paid into court. The plaintiff appeals.

The bill of exceptions brings up many assignments of error occurring at the trial as well as the alleged error of the court in dismissing the action and in refusing to enter the form of judgment requested by defendant. The first question raised involves Article 1, Section 18, of the Constitution, which provides: "Private property shall not be taken for public use, * * without just compensation; nor except in case of the state, without such compensation first assessed and tendered." Also Article XI, section 4, of the Constitution, which provides: "No person's property shall be taken by any corporation, under authority of law without compensation being first made or secured in such manner as may be prescribed by law." The condemnation statute by Section 6866, provides: "Upon the payment into court of the damages assessed by the jury, the court shall give judgment appropriating the lands, property rights, easements, crossing, or other connection in question, as the case may be, to the corporation, and thereafter the same shall be the property of such corporation." Section 6860 pro-

vides: "Such action shall be commenced and proceeded in to final determination in the same manner as an action at law, except as in this title otherwise specially provided." Section 6865 provides: "Upon the motion of either party, before the formation of the jury, the court, upon the request of either party, shall order a view of the lands or premises in question, and upon the return of the jury the evidence of the parties may be heard and the verdict of the jury given." Section 6867 provides: "Either party to the action may appeal from judgment therein, in like manner and like effect as in ordinary cases; but such appeal shall not stay the proceedings so as to prevent such corporation from taking such lands into possession, and using them for the purposes of the corporation, or from proceeding to exercise the right, enjoy the easement, or make the crossing or connection condemned."

REVERSED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. B. L. Riter, Mr. William W. Cotton, Mr. Arthur C. Spencer* and *Mr. Charles E. Cochran,* with an oral argument by *Mr. Riter.*

For respondents there was a brief over the names of *Mr. Loring K. Adams, Bennett & Sinnott* and *Jeffrey & Lenon,* with an oral argument by *Mr. Adams.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. If the judgment entered by the court was the proper one, then this appeal is vain as to the alleged errors occurring at the trial. We are therefore considering first the alleged error in rendering the judgment of dismissal. The question involved has been incidentally touched upon in former opinions of this

court, but not directly decided. The real controversy is as to what judgment may be entered in plaintiff's favor from which it may appeal. Upon this matter we get but little aid from the decisions of other states, for the reason that there is very little similarity between their statutes on the subject involved and ours. In Kansas, on an assessment of damages by a commission or by a jury, the court simply awards or adjudicates the damages so found as the amount which the plaintiff must pay before it is entitled to appropriate the property: *St. Louis, L. & D. R. Co.* v. *Wilder,* 17 Kan. 239; *Florence, E. D. & W. R. Co.* v. *Lilley,* 3 Kan. App. 588 (43 Pac. 857). And in Illinois the same procedure is followed: *City of Bloomington* v. *Miller,* 84 Ill. 621; Lewis, Eminent Domain (3 ed.), § 955. In the Colorado statute, after verdict, the judgment contemplated is: The court shall proceed to adjudge and make such order as to right and justice shall pertain, ordering that the plaintiff may enter upon such property and the use of the same upon payment of the full compensation as ascertained, which is considered a final determination, and from which either party may appeal as in ordinary cases; it being recognized in all of the cases that no formal judgment of condemnation can be rendered until the money is paid: *Denver & N. O. R. R. Co.* v. *Jackson,* 6 Colo. 340. Our own statute emphasizes that condition by Section 6866, L. O. L.: *Oregonian Ry. Co.* v. *Hill,* 9 Or. 377; *Webb* v. *Nickerson,* 11 Or. 382 (4 Pac. 1126). Section 6860 makes the proceedings in ordinary actions at law applicable in this proceeding, except as otherwise specially provided, thus supplementing this special statute in matters of procedure not covered. There may be other issues involved in a condemnation action than as to the amount of the compensation, such as the qualification and status of the petitioner

to exercise the power of eminent domain, the liability
of the particular property to be condemned, and the
necessity for the taking, as provided in Sections 6859
and 6864, L. O. L.   These may all, or any of them, be
made issues by the answer, be tried together, and be
concluded by the verdict assessing the compensation:
*Webb* v. *Nickerson,* 11 Or. 382 (4 Pac. 1126).   And a
proper appeal would, no doubt, bring up all of these
questions for review in this court, if included in the
verdict.   We see by Section 6859 that, on the report
of the commissioners appointed to determine the point
and manner of a railroad crossing there provided for,
their action must be confirmed by the court; that is,
the commissioners cannot adjudicate the matters con-
tained in their report.   Their action must be confirmed
by the action of the court.   The same is true of the
verdict of the jury.   They can assess the amount of
the compensation, but they cannot adjudicate it.   It is
binding on no one until adopted or confirmed by the
court.   The amount of compensation which plaintiff
would be required to pay before he could take the prop-
erty must be adjudicated as the amount defendant is
entitled to.

2. Condemnation is an adversary proceeding and
not an arbitration, and all proceedings must be judi-
cial.   Without the application of the provisions of
Titles 1 and 2, L. O. L., as provided for in Section 6860,
L. O. L., the whole condemnation statute would be very
incomplete.   Especially would there appear to be
quite an omission in the proceedings between Sections
6865 and 6866.   The verdict shall not only ''be given,''
but we must assume it shall be returned in a formal
way into court and be confirmed or adjudicated as the
award by the court of the amount of damages to be
paid to the defendant by the plaintiff before he can
take the property.   Such an order or adjudication is

contemplated in actions at law.   Although in this pro-
ceeding the statute provides especially for the judg-
ment of condemnation, such an adjudication of the
award seems to be necessary to make it an orderly
judicial proceeding, and as a protection to plaintiff,
as the authority upon which the amount is to be paid
by it, as evidence of what is condemned or included in
the verdict, and by which the defendant shall be bound.
The statutes of other states are different from ours
as to these proceedings, yet the courts seem to con-
sider such adjudication essential, and it is plain that
it would in no way conflict with the terms of Section
6866, L. O. L., nor is it inconsistent with any part of
the statute, being essential to complete the proceed-
ing.   It is expressly held in *McCall* v. *Marion County,*
43 Or. 541 (73 Pac. 1031, 75 Pac. 140), that an adjudi-
cation of the verdict should be made, where, in a county
road proceeding, Mr. Justice BEAN says:

"The proceedings for that purpose are by analogy
the same, so far as it affects the form of judgment,
as an action by any other corporation authorized to
exercise the power.   Its purpose is simply to ascertain
and fix judicially the amount which the county should
pay as a just compensation in order for it to be en-
titled to take the property for a county road, and no
personal judgment should be entered against it for the
amount of the award.   The judgment against the
county or other corporation in all condemnation pro-
ceedings is simply to adjudicate that the amount found
due and assessed is a just compensation to be paid by
the corporation for the property sought to be con-
demned, and should be so entered."

And Mr. Chief Justice LORD, in *Oregonian Ry. Co.*
v. *Hill,* 9 Or. 377, holds that the judgment of con-
demnation cannot be rendered until the money is paid,
and seems to lay stress on the fact that no other judg-
ment of condemnation can be rendered than that speci-

fied in the statute, and to approve the statements quoted by him from *Gear* v. *Dubuque & S. C. R. R. Co.,* 20 Iowa, 527 (89 Am. Dec. 550), and *St. Louis, L. & D. R. Co.* v. *Wilder,* 17 Kan. 239, where it is held that any judgment of condemnation beyond that authorized by the statute would be without authority, but approves a judgment assessing the amount of the damages : See, also, Lewis, Eminent Domain, 3d ed., § 784. In *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 196 (102 Pac. 1011, 20 Ann. Cas. 695, note), a condemnation case upon a verdict in favor of the petitioner, a judgment similar in form and effect to the one requested in this case was entered, and the plaintiff appealed. In this court the defendant moved to dismiss the appeal on the ground that the judgment was not final, and that it was void as not being authorized by the statute; but this court, Justice SLATER writing the opinion, declined to pass upon the sufficiency of the form of judgment, stating that, if it was void, nevertheless it was appealable, and held that the judgment was final as to the subject of litigation, namely, the damages. The question was raised in the *Oregon E. R. Co.* v. *Terwilliger Land Co.,* 51 Or. 107 (93 Pac. 334, 930), in which the plaintiff, deeming the assessment excessive, and with a view to appeal the case, paid into court the amount of the verdict, and appealed, the question submitted being as to plaintiff's right of appeal from such a judgment. Justice MOORE, who wrote the opinion, held that the payment of the award, and the taking possession of the property, was a voluntary acceptance of the benefit of the judgment and a waiver of the right of appeal. Section 6867, L. O. L., makes positive provision that either party shall have the right of appeal. It may be possible that on the entry of the judgment provided for in Section 6866, L. O. L., in favor of the plaintiff that it could pay the money into court and

then appeal; but this seems very doubtful. The statute of Colorado provides for such a proceeding for the purposes of the appeal; but it provides that the money shall remain on deposit pending the appeal, and that the defendant cannot withdraw it except by giving security for its return in case of reversal. Section 6866, L. O. L., seems to contemplate that upon payment the money becomes the property of the defendant and the land the property of plaintiff. This is the effect of the reasoning of the court in *City of Chicago* v. *Barbian,* 80 Ill. 482.

3. The law reserves to the petitioner the right to abandon the proceeding at any time prior to the payment of the award, but *quaere* whether it has that right after the money is paid. It is held in *Denver & N. O. R. R. Co.* v. *Lamborn,* 8 Colo. 380 (8 Pac. 582), that the plaintiff loses its right to abandon the proceeding when the land owner acquires a vested right to the compensation, which is upon payment by the plaintiff: See, also, 38 Cyc. 176. The right of appeal being guaranteed to the plaintiff is an additional reason why the statute must be deemed to contemplate a formal adjudication of the amount of the damages and of the other issues that may be involved therein, from which an appeal will lie. Therefore we conclude that the form of judgment that should have been entered upon the return into court of the verdict of the jury should have been one adjudging the award of damages found by the jury, if the court deems the verdict sufficient, as the amount of just compensation awarded to defendant to be paid by the petitioner for the property sought to be condemned, and that thereafter, when the petitioner shall have paid the money into court, the judgment provided for by Section 6866 shall be entered. The court erred in dismissing the action, and the case is before us on the merits.

ON THE MERITS.

Defendants are the owners of lot 1 of section 17 and of lot 2 of section 20, township 2 north, range 15 east, Willamette meridian. The plaintiff's line of railroad, as a common carrier from Portland to Huntington, Oregon, passes over or adjacent to defendants' said property, at which point there is an abrupt curve in the road, embarrassing plaintiff's operation of its road, and increasing the danger to the traveling public. Plaintiff is seeking to relocate its line at said point, and to appropriate a right of way for that purpose through defendants' said property. Defendants allege that their said tract of land is laid out and platted as a town site, but that no lots therein have been sold. The contention of the defendants is that the value of the town site is enhanced by the fact that there is in the immediate vicinity falls in the Columbia River of the height of 34 feet; that the volume of water is very great, and that defendants are preparing to utilize it; that the eastern terminus of the United States government canal and locks for passing the said falls is at Celilo; that the said town site is available for manufactories of different kinds in connection with the said available power, and it contains beds of gravel and sand suitable for various commercial uses to which such material is adapted.

4. One of the principal errors assigned was the admission of evidence to the effect that the taking of the right of way described would result in damage to other lots and blocks than those taken in whole or in part; plaintiff contending that each lot and block constitutes a separate and distinct tract of land for which damages cannot be claimed unless it is used in connection with and as a part of the tract taken. The rule as to the assessment of damages to different tracts of land

where part of one tract only is taken is that damages to that tract alone can be considered. If the different "tracts are used together as one property, or are adapted to such use and are more valuable because of such adaptation, then they may be treated as one tract in the estimation of damages; otherwise not." This is a summary statement of the law by Lewis, Eminent Domain, §§ 697, 698; note, 11 L. R. A. (N. S.) 996. See, also, *Sharp* v. *United States,* 191 U. S. 341 (48 L. Ed. 211, 24 Sup. Ct. Rep. 114, and note to this case, 57 L. R. A. 932). And applying this rule to town property he says, in Section 699, that, if two or more contiguous city lots are improved and used as one tract, the owner may recover damages to all. Where two lots of a block belonging to a single owner, vacant and unoccupied, are taken for a railroad, only damages for those taken can be recovered: *Wilcox* v. *St. Paul & N. P. Ry. Co.,* 35 Minn. 439 (29 N. W. 148). It is held that the subdivision of land into lots makes every lot *prima facie* a separate and distinct tract, and, if the owner claims damages to all or more than the lot taken, he must produce evidence to overcome this presumption: See *Koerper* v. *St. Paul & N. P. Ry. Co.,* 42 Minn. 340 (44 N. W. 195). These are the conclusions of Lewis, and his text is well supported by the cases. Therefore, it not being shown that the lots not taken are used in connection with those taken for one purpose, it was error to admit evidence of their value as a part of the town site, or to permit the jury to consider them in arriving at the amount of the defendants' damage. Neither was it proper to admit evidence of facts or conditions tending to enhance the value of the town site, except so far as they added value to the lots taken.

5. Plaintiff also urges that the court erroneously admitted, among the uses to which the property is

67 Or.—8

adapted, evidence of its value for railroad purposes
by reason of its location in a narrow pass between the
bluff and the river, and which, it is contended, in effect
authorized the jury to consider the value of the prop-
erty to plaintiff. As we understand the evidence sub-
mitted, it was not as to the value of the property to
plaintiff, but its value generally for railroad purposes
because of its favorable situation. The fact that the
plaintiff desired the property for a railroad right of
way would not preclude defendants' recovery meas-
ured by its adaptability for that use, if such adapt-
ability added to its market value generally. The
particular value of the tract to plaintiff by reason of
the location of the tract to its road, and considered
with reference to plaintiff's connecting tracks, its es-
tablished business, and its urgent need, should not be
considered by the jury, nor shown by the evidence;
but we understand no such evidence was admitted.
The paragraph of 15 Cyc. 757 quoted by plaintiff in
its brief further says: "Some courts have gone so far
as to say that in estimating the value of the land taken
for a public use its value for such use cannot be con-
sidered; but the weight of authority is contrary to
such a rule. There is a recognized difference between
estimating damages by the value of the property to the
person or corporation exercising the right of con-
demnation and considering the availability or adapt-
ability of a piece of land for the purpose for which it
is condemned as an element of value which would at-
tract any buyer for that purpose. The true rule is
that any use for which the property is capable may be
considered, and if the land has an adaptability for the
purposes for which it is taken, the owner may have this
considered in the estimate as well as any other use for
which it is capable." This, we understand, is the cor-
rect rule, and is well supported by the cases, and is all

that was attempted to be shown by the evidence admitted by the court.

For the error above mentioned, the judgment is reversed and the cause remanded for further proceedings.                                                    REVERSED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.

---

Denied October 7, 1913.

ON PETITION FOR REHEARING.

(135 Pac. 332.)

MR. JUSTICE EAKIN delivered the opinion of the court.

6–8. It is suggested that the court erred in following the rule as stated in Lewis, Eminent Domain, §§ 697, 698, and as declared by the Minnesota cases cited and by the case of *Sharp* v. *United States,* 191 U. S. 341 (48 L. Ed. 211, 24 Sup. Ct. Rep. 114, 112 Fed. 893, 50 C. C. A. 597, 57 L. R. A. 932), to the effect that if different tracts are used together as one property, or are adapted for such use, and are more valuable because of such adaptation, they should be treated as one property, otherwise not. Defendants contend that this is not the correct rule but cite no cases to the contrary. The cases of *Kansas City Co.* v. *Merrill,* 25 Kan. 421, and *St. Louis etc. R. Co.* v. *Aubuchon,* 199 Mo. 352 (97 S. W. 867, 116 Am. St. Rep. 499, 8 Ann. Cas. 822, 9 L. R. A. (N. S.) 426), cited by defendants, do not conflict with the rule here adopted. That rule as applied in this case is certainly logical and reasonable. It is not shown that other blocks or lots will suffer any specific damage, but in general terms it

is said that the railroad will obstruct the streets and prevent access to the lots, though it is not shown that any particular lot will be so injured or to what extent. The facts as to how and to what extent any particular lot is damaged must be shown, and the admission in evidence of such general statements that it will be a damage to the town site and instructing the jury that they might consider the same as an element of damage was error that we must consider had weight with them and prevents the application of the rule established by Section 3, Article VII, of the Constitution (as amended [see Laws 1911, p. 7]), referring to which Mr. Justice McBride says:

"But, for the jury to find the fact, the court must see that they receive only legal evidence, and no good finding of fact can ever be predicated upon illegal evidence": *State* v. *Rader,* 62 Or. 37 (124 Pac. 195); *Lewis* v. *Northwestern Warehouse Co.,* 63 Or. 239 (127 Pac. 33).

The petition is denied.     Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.

---

Allowed October 7, 1913.

On Motion to Strike Out Plaintiff's Cost Bill.

(135 Pac. 515.)

Mr. Justice Eakin delivered the opinion of the court.

9. Plaintiff has filed a cost bill for the costs incurred in this court, which defendants move to strike out, contending that, this being a condemnation case, defendants must recover costs, and relying upon Article I, Section 18, and Article XI, Section 4, of the Constitu-

tion, to the effect that private property shall not be taken for public use without just compensation first assessed and tendered.

Section 6868, L. O. L., referring to condemnation actions, provides that the costs and disbursements of the defendants shall be taxed by the clerk and recovered off the corporation. Several courts of last resort have held that the provision that full compensation shall be first assessed and tendered to the land owner entitles the defendant to his whole costs up to the final adjudication of his damages; that the hearing on appeal is for the purpose of ascertaining the just compensation; that pending the appeal the value is not judicially determined, and is a continuation of the proceeding to condemn; and that the land owner should not be taxed with any of the costs of the proceeding, except in two cases, namely, when the railroad has previously tendered as much or more compensation than is recovered at the trial, or where the land owner appeals and is unsuccessful. The following cases are to that effect: Lewis, Condemnation, § 562; *Portneuf-Marsh Valley Irr. Co.* v. *Portneuf Irr. Co.,* 19 Idaho, 483 (114 Pac. 19); *Grays Harbor Boom Co.* v. *Lownsdale,* 54 Wash. 83 (104 Pac. 267); *Peoria Co.* v. *Vance,* 251 Ill. 263 (95 N. E. 1081, Ann. Cas. 1912C, 532, 36 L. R. A. (N. S.) 624); *Stolze* v. *Milwaukee etc. R. Co.,* 113 Wis. 44 (90 Am. St. Rep. 833, 88 N. W. 919); *Petersburg* v. *Peterson,* 14 N. D. 344 (103 N. W. 758); *In the Matter of New York W. S. & B. R. Co.,* 94 N. Y. 287.

Following the lead of these cases, which we think state the law correctly, the motion to strike out the cost bill will be allowed.        MOTION ALLOWED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.